**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                :      Chapter 7

In re:  Patrisha S. Osborne and      :
          George R. Osborne              :      Case No. 11-38122 (cgm)
                                                :
                                                :
                                 Debtors.    :
                                                :
-------------------------------------------------------------X

## MEMORANDUM DECISION DENYING DEBTORS' MOTION TO VACATE DISCHARGE

**A P P E A R A N C E S :**

Mark S. Tulis
120 Bloomingdale Road
White Plains, NY 10605
*Chapter 7 Trustee*

George and Patrisha Osborne
692 County Rt. 2
P.O. Box 14
Elizaville, NY 12523
*Pro Se Debtors*

Eric Small
74 Chapel Street
Albany, NY 12207
*Attorney for the United States Trustee*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

The Debtors bring this motion to vacate their discharge and dismiss their chapter 7 case on the grounds that they are ineligible to be debtors under 11 U.S.C. § 109(h) because they failed to comply with the Bankruptcy Code's credit counseling requirements. In the alternative, Debtors seek reargument of the Court's Order reopening their case.  Because the Debtors waived the protections of § 109(h) and are judicially estopped from arguing their ineligibility at this stage of these proceedings, the Court denies this motion in its entirety.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Background

The Debtors are repeat filers, having previously filed chapter 11 on August 30, 2010. *In re Osborne*, No. 10-37606 (Bankr. S.D.N.Y).  The prior case was dismissed on March 7, 2011. Subsequently, Ms. Osborne filed her own chapter 11 case on August 8, 2011 through bankruptcy counsel Genova & Malin. *In re Osborne*, No. 11-37271 (Bankr. S.D.N.Y.) That case was dismissed on December 16, 2011.

The Debtors filed this joint chapter 7 petition on November 9, 2011 without the assistance of an attorney.  That same day, the Debtors each filed an "Exhibit D – Individual Debtor's Statement of Compliance with Credit Counseling Requirement" ("Exhibit D"), signed under penalty of perjury. On the Debtors' Exhibit D, they each checked a box that stated "[w]ithin the 180 days before filing of my bankruptcy case, I received a briefing from a credit

counseling agency," and Debtors also acknowledged that a Certificate of Credit Counseling was attached. *See* Ex. D, ECF No. 2; Ex. D, ECF No. 3.

Despite checking that box, the Debtors did not file a Certificate of Credit Counseling. On November 15, 2011, the Clerk of the Court sent a deficiency notice to the debtors with respect to the unfiled credit counseling certificate. *See* Request Deficiency Ntc., ECF No. 10. On November 29, 2011, the Debtors filed a Certificate of Credit Counseling. *See* Cert., ECF No. 16. The Debtors filed a Credit Counseling Certificate that had been filed as part of their previous chapter 11 case on August 30, 2010 and was nearly fifteen months old. *See In re Osborne*, No. 10-37606-cgm, ECF No. 4 (Aug. 30, 2010 Bankr. S.D.N.Y.) (Certificate of Credit Counseling). This misrepresentation was first brought to the Court's attention when the Debtors filed this Motion.

Although the Debtors filed untimely Certificates of Credit Counseling in this case, it is worth nothing that Ms. Osborne, while represented by counsel, timely filed credit counseling documents as part of her chapter 11 petition, which was filed on August 8, 2011. Ms. Osborne filed both an Individual Debtor's Statement of Compliance with Credit Counseling, which was completed on August 2, 2011 and dated August 8, 2011, and a Certificate of Credit Counseling, which was certified on August 2, 2011 and filed on August 8, 2011. *See In re Osborne*, No. 11-37271, ECF Docket No. 2 (Statement of Compliance); see also *In re Osborne*, No. 11-37271, ECF Docket No. 3 (Certificate of Credit Counseling).

The Debtors received a discharge in this chapter 7 case on March 8, 2012, and the case was closed that same day. On October 1, 2012, the former chapter 7 trustee made a motion to reopen the Debtors' case due to the discovery of an asset, namely a multi-million dollar malpractice suit against the Debtors' former attorneys. The Court reopened this case via order

dated December 13, 2012, and Mark Tulis was appointed as chapter 7 trustee on December 13, 2012.

On January 2, 2012, the Debtors made this motion to vacate the discharge and dismiss their chapter 7 case. In the alternative, the Debtors seek reargument of the Court's Order reopening their case. The Debtors argue that they are ineligible to be debtors because they filed outdated credit counseling certificates that do not comply with the 180-day timeframe required by § 109(h) of the Bankruptcy Code. As a remedy, they seek to vacate the discharge order and to dismiss or strike their petition.

The chapter 7 trustee opposes the Debtor's motion. He contends that while Mr. Osborne was not eligible as a debtor under § 109, Ms. Osborne was, having completed a timely certification as part of her chapter 11 filing.

## Discussion

*Jurisdiction and Automatic Dismissal*

Section 109 contains a list of requirements that must be satisfied before an entity or individual is eligible for bankruptcy. 11 U.S.C. § 109. Subsection (h) requires debtors to receive credit counseling during the 180-day period preceding the date of filing of the petition. *See* 11 U.S.C. § 109(h). Moreover, under § 521(b), an individual must provide proof of participation in budget and credit counseling by filing a certification of participation and a copy of the debt repayment plan if a debt repayment plan was prepared at the counseling session. 11 U.S.C § 521(b); *In re Manalad*, 360 B.R. 288, 292-93 (Bankr. C.D. Cal. 2007).

Courts are divided on the issue of whether failure to satisfy § 109 mandates dismissal of a case. Some courts have held that strict compliance with the credit counseling requirement is mandatory and a "[c]ourt simply lacks jurisdiction over a debtor's case where the debtor fails to

comply with § 109(h)." *In re Giles*, 361 B.R. 212, 214 (Bankr. D. Utah 2007); *Clippard v. Bass*, 365 B.R. 131, 136 (W.D. Tenn. 2007); *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006). These courts have held that if a debtor does not comply with § 109(h), a court must dismiss the case. *Giles,* 361 B.R. at 214; *Clippard*, 365 B.R. at 136; *Hedquist*, 342 B.R. at 298. These courts believe that § 109 is clear and "'the sole function of the courts is to enforce it according to its terms.'" *In re Cleaver*, 333 B.R. 430, 432 (Bankr. S.D. Ohio 2005) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). These cases hold that dismissal is mandatory even if it leads to harsh or inequitable results. *Hedquist*, 342 B.R. at 300.

Other courts conclude that bankruptcy courts have discretion to waive a debtor's non-compliance with § 109(h). *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 118 (B.A.P. 9th Cir. 2007); *In re Nichols*, 362 B.R. 88, 93 (Bankr.S.D.N.Y.2007); *In re Parker*, 351 B.R. 790, 800–01 (Bankr. N.D. Ga. 2006); *In re Hess*, 347 B.R. 489, 494 (Bankr. D. Vt. 2006). These courts believe that the failure to satisfy § 109(h) is an eligibility question as opposed to a jurisdictional issue and that "strict compliance with the credit counseling requirements of § 109(h) can be waived[.]" *Mendez*, 367 B.R. at 118; *see also Collier on Bankruptcy* P 109.09[3] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.) ("Section 109 is not characterized in terms of venue or jurisdiction by the statute itself, and it is clear that it is not jurisdictional."). These courts also hold that bankruptcy courts have discretion to determine whether declining to exercise jurisdiction based on the failure to comply with § 109(h) "would result in manifest injustice." *Nichols*, 362 B.R. at 93.

The Second Circuit has held that the eligibility requirements of § 109 are not jurisdictional in nature. *See Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 169 (2d Cir. 2010) (failure of debtor to obtain credit counseling briefing did not deprive court of jurisdiction over

petition). Recent cases have questioned whether the proper remedy for failing to comply with § 109(h) is dismissal or whether striking the bankruptcy petition is preferable. *See In re Hubbard*, 333 B.R. 377, 388 (Bankr. S.D. Tex. 2005); *In re Rios*, 336 B.R. 177, 179 (Bankr. S.D.N.Y. 2005). In *In re Zarnel*, the Second Circuit remanded to the bankruptcy court[1] the question of whether dismissal or striking a petition is the appropriate remedy. *Zarnel*, 619 F.3d at 172.

Those courts that have held that the § 109(h) eligibility requirements are not jurisdictional in nature, have also refused to dismiss a case when the debtor has failed to comply with the eligibility requirements, particularly when the debtor brings the motion "offensively as a ticket to get out of bankruptcy." *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 114 (B.A.P. 9th Cir. 2007); *see also In re Amir*, 436 B.R. 1, 22 (B.A.P. 6th Cir. 2010) (affirming the bankruptcy court's decision not to dismiss a debtor's case for failing to comply with § 109(h)); *In re Fiorillo*, 455 B.R. 297 (D. Mass. 2011) (estopping debtor from using his failure to comply with § 109(h) where debtor certified under penalty of perjury that he had completed the requirements); *In re Jong Hee Kang*, 467 B.R. 327, 336 (Bankr. D. N.J. 2012) (estopping a debtor from using a predated credit counseling certificate as an "out" from her bankruptcy filing); *In re Timmerman*, 379 B.R. 838, (Bankr. N.D. Iowa 2007) (estopping debtors from dismissing case due to lack of credit counseling in light of pending objections to discharge); *In re Lilliefors*, 379 B.R. 608, 611 (Bankr. E.D. Va. 2007) (judicially estopping debtor from asserting that the credit counseling requirement was not met since debtor had previously certified that he had received counseling); *In re Parker*, 351 B.R. 790, 797 (Bankr. N.D. Ga. 2006) (denying debtor's motion to dismiss for failure to comply with § 109(h) based on waiver and judicial estoppel); *In re Withers*, 2007 WL

---

[1] The case was remanded to this Court, which chose to dismiss the petitions in lieu of striking them. *See In re Zarnel*, No. 10-37606, ECF No. 47 (Bankr. S.D.N.Y Oct. 5, 2010) (Order Dismissing Case).

628078, at *4 (Bankr. N.D. Cal. Feb. 26, 2007) (estopping debtor from demanding dismissal based upon failure to complete credit counseling).

Consistent with binding Second Circuit precedent, this Court finds that compliance with the Section 109(h) requirements is a matter of eligibility rather than jurisdiction, and consequently, this Court has discretion to examine whether the Debtors' noncompliance warrants dismissal of this case.

*Waiver and § 109(h)*

Section 109(h) eligibility requirements are not jurisdictional and are subject to the doctrines of waiver and judicial estoppel. *See In re Withers*, 2007 WL 628078, *4 (Bankr. N.D. Cal. Feb. 26, 2007); *In re Parker*, 351 B.R. 790, 797 (Bankr. N.D. Ga. 2006); *see also Collier on Bankruptcy* P 109.09[3] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.) ("Because eligibility requirements are not jurisdictional, they may be waivable by the court . . . ."). Waiver may be found when there is "an intentional and voluntary relinquishment of a known right." *In re Parker*, 351 B.R. 790, 797 (Bankr. N.D. Ga. 2006) (citation omitted); *see also Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) ("A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."). A waiver may be express, constructive, or inferred from conduct. *In re Amir*, 436 B.R. 1, 22 (B.A.P. 6th Cir. 2010).

Bankruptcy courts have been unwilling to grant a debtor's motion to dismiss when the debtor has previously waived his or her right to raise non-compliance with the § 109(h) credit counseling requirements. *See, e.g.*, *Amir*, 436 B.R. at 22; *In re Mendez*, 367 B.R. 109, 114 (B.A.P. 9th Cir. 2007); *In re Parker*, 351 B.R. 790 (Bankr. N.D. Ga. 2006). In *In re Mendez*, the Bankruptcy Appellate Panel for the Ninth Circuit examined a case in which a debtor sought dismissal of her bankruptcy petition on the basis of forged signatures and attempted to use her

non-compliance with the § 109(h) credit counseling requirement offensively to force dismissal of her bankruptcy case. 367 B.R. at 114. The Panel held that the debtor waived strict compliance with the pre-bankruptcy credit counseling requirements, and thus was not entitled to use her noncompliance as a basis for dismissal. *Id*. at 117. It noted that "the real question in this case is whether the Debtor intended to file for protection under chapter 7 of the Bankruptcy Code . . . ." *Id.* at 120. The Panel, and the underlying bankruptcy court, found it significant that the debtor appeared at bankruptcy hearings and never contested the validity of her petition until it was convenient for her to do so. *Id*. at 119.

Similarly, in *In re Parker,* a chapter 7 debtor received pre-petition counseling from an unapproved agency. *In re Parker*, 351 B.R. 790 (Bankr.N.D.Ga.2006). The debtor filed a motion to extend the time to receive post-petition counseling from an approved agency and then failed to obtain the counseling. *Id*. at 796. When the trustee attempted to sell an asset the debtor wished to retain, the debtor demanded that his case be dismissed. *Id*. The *Parker* court declined to dismiss the case and concluded that, by accepting the benefits of his bankruptcy until it no longer suited his purposes, the debtor waived the right to insist on dismissal based upon lack of eligibility. *Id*. The court reasoned:

> If Debtor, fully aware of the requirement for a briefing under Section 109(h) and his apparent failure to comply with the requirement, had desired to avail himself of this defect to dismiss his case, he certainly had the opportunity to do so. . . . Debtor continued to actively participate in his Chapter 7 case after he became aware of the Section 109(h) issue: negotiation and consent to Orders Granting Relief From Stay, attendance at the Section 341 meeting of creditors at which he presented the Trustee with a copy of a certificate from an approved Credit Counseling Agency and agreement to court orders granting parties an extension of time to object to his discharge. There is no indication that Debtor ever raised the issue of his eligibility in any of these matters.

*Id*.

Here, as in *Mendez* and *Parker*, there is significant evidence that the Debtors waived their ability to raise non-compliance with § 109(h). By the Debtors' own admissions, they "were

Page **8** of **14**

aware of the counseling requirements" but did not comply with said requirements due to the "maelstrom in which they were living." Mot. Dismiss 10, ECF No. 39. Instead of complying with the Bankruptcy Code, the Debtors purposefully filed untimely credit counseling certificates, which they had completed in anticipation of a previous chapter 11 filing on August 30, 2010. *Compare In re Osborne*, No. 10-37606, ECF No. 4 (Bankr. S.D.N.Y Aug. 30, 2010) (Certificate of Credit Counseling) *with* Cert., ECF No. 16. In addition, the Debtors each filed an Individual Debtor's Statement of Compliance with Credit Counseling Requirement under penalty of perjury. *See* Ex. D, ECF No. 4 (Patrisha); *see also* Ex. D., ECF No. 5 (George). The Debtors attended their 341 hearing and actively participated in their bankruptcy case. They even filed opposition to a motion to dismiss. *See* Obj. to Motion, ECF No. 19. The Debtors received a discharge and their case was closed on March 8, 2012. The Debtors never raised their eligibility under § 109(h) until the Trustee reopened the case for the purpose of administrating estate assets.

Based on the record, it is clear that the Debtors waived their rights to demand dismissal based upon lack of eligibility under § 109(h). The Debtors were fully aware of the eligibility requirements when they filed their chapter 7 petition, having completed the course in previous filings, and also filed a certification of compliance under penalty of perjury. After the Clerk of Court notified the Debtors that they had failed to attach a Credit Counseling Certificate to their petition, they purposefully filed unsatisfactory, fifteen-month-old certificates with the Court, which allowed them to proceed with their case and be discharged of their debts. Now that the case has been reopened and the trustee wishes to administer the newly-discovered assets, the Debtors may not retroactively raise the eligibility issue to get their case dismissed.

*Debtors are Judicially Estopped from Dismissing the Case*

This Motion should also be denied because the Debtors are judicially estopped from arguing that they are not in compliance with § 109(h). "When a party assumes a certain position in a legal proceeding and convinces the court to accept that position, that party may not thereafter assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Without applying estoppel to situations such as this, the bankruptcy system would be vulnerable to abuse. *See In re Parker*, 351 B.R. 790, 793 (Bankr. N.D. Ga. 2006) (acknowledging that BAPCA was enacted to prevent abuse of the Bankruptcy Code by debtors and its provisions should not be "misconstrued" to encourage abuse of the process).

This Court has statutory authority to prevent such abuse. *See* 11 U.S.C. § 105(a); *see generally In re Parker*, 351 B.R. 790, 798–99 (Bankr.N.D.Ga.2006) ("Debtor obtained the benefits [of] the automatic stay ... [and] caused the Chapter 7 trustee to take action to engage professionals, expend administrative time to investigate ... and take actions to liquidate property of the estate for the benefit of unsecured creditors ... based upon the Debtor's implicit representation that he was eligible for bankruptcy relief."); *In re Jong Hee Kang*, 467 B.R. 327, 336-37 (Bankr. D.N.J. 2012) (holding that a debtor was estopped from denying eligibility under § 109(h) and denying her motion to dismiss); *In re Withers*, 2007 WL 628078 (Bankr. N.D. Cal. Feb. 26, 2007) (holding that the debtor was judicially estopped from demanding that the case be dismissed based on his failure to obtain credit counseling).

The Debtors stated under penalty of perjury that they had obtained counseling within the 180 days prior to filing. No party raised the issue at any point prior to the filing of this Motion, and the Debtors proceeded with their case until it was closed on March 8, 2012. Now, after circumstances in their bankruptcy case have changed, they seek to assert a contrary position.

Allowing the Debtors to dismiss their case at this point would cause the prejudice of creditors, as the estate assets could not be administered, and would harm the integrity of the bankruptcy system. *See In re Timmerman*, 379 B.R. 838, 847 (Bankr. N.D. Iowa 2007); *see also In re Parker*, 351 B.R. 790, 798 (Bankr.N.D.Ga.2006) (denying debtor's motion to dismiss on ground of judicial estoppel); *Hossaini v. Western Missouri Medical Center*, 140 F.3d 1140, 1142-43 (8th Cir.1998) (discussing doctrine of judicial estoppel). The Court finds that the Debtors are judicially estopped from denying § 109(h) and § 521(b)(1) compliance.

*Ms. Osborne's Compliance with § 109(h)*

Despite having already found that the Debtors are estopped from arguing that they have not complied with § 109(h), it should be noted that Ms. Osborne completed the credit counseling requirements within the 180-day timeframe required by the Code. 11 U.S.C. § 109(h) ("[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . ."). According to the certificate, Ms. Osborne completed the credit counseling course on August 2, 2011 and filed it with the Court on August 8, 2011. *In re Osborne*, No. 11-37271, ECF No. 3 (Bankr. S.D.N.Y.) (Certificate of Credit Counseling). That same day she also filed her statement that the course had been completed under penalty of perjury. *In re Osborne*, No. 11-37271, ECF No. 2 (Bankr. S.D.N.Y.) (Ex. D). Both of these documents were filed within 180 days of November 9, 2011, the commencement date of the Debtors' current chapter 7 case. As such, there is no question that Ms. Osborne is eligible to be a debtor under § 109(h).

For all of the reasons cited herein, Debtors' motion to vacate their discharge and dismiss their chapter 7 case is denied on the grounds that Debtors waived the protections of § 109(h) and are judicially estopped from arguing their ineligibility at this stage of these proceedings.

***Reargument of this Court's December 13, 2012 Decision***

Debtors seeks reargument of this Court's order reopening their chapter 7 case. Local Bankruptcy Rule 9023-1 sets the standard for motions for reargument in the Southern District of New York. Pursuant to Local Bankruptcy Rule 9023-1, a motion for reargument must "be served within 14 days after the entry of the Court's order determining the original motion." *See* Bankr. S.D.N.Y. R. 9023-1(a). Moreover, the motion must concisely lay out "the matters or controlling decisions which counsel believes the Court has not considered." *See id.* Pursuant to Local Rule 9023-1, Debtors' may reargue a motion orally only if the Court so orders. *See id.* A court may reconsider an earlier decision where the moving party can demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

The crux of the Debtors' argument is that their malpractice claim did not accrue under state law during the pendency of their chapter 7 case and, as such, the lawsuit is not property of the estate. Therefore, Debtors argue that the Court erred in granting the motion to reopen to administer estate assets. Mot. Dismiss 24-36. The Court previously determined that the malpractice action was property of the estate. *See* Mem. Decision 5, ECF No. 35. Despite the

fact that Debtors have not offered any new evidence or intervening change in controlling law, the Court will address the Debtors' argument.

While it is true that under New York state law a claim accrues only when "all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court[,]" the state law accrual date is not a determinative factor for whether a claim is property of the estate. *See Aetna Life & Casualty Co. v. Nelson*, 67 N.Y.2d 169, 175 (N.Y. 1986) (discussing accrual of claim under New York law); *see also In re Salander*, 450 B.R. 37, 46 (Bankr. S.D.N.Y. 2011) ("Although a cause of action must have existed at the time of filing, the actual accrual date for state law purposes is not always the 'critical' factor for determining whether a cause of action is property of the estate.") (citation omitted). Claims that have not accrued under state law as of the date of a bankruptcy filing may still be property of the estate if they are "sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start." *In re Salander*, 450 B.R. 37, 46 (Bankr. S.D.N.Y. 2011) (quoting *Stanley v. Cmty. Bank, N.A.*, 2009 WL 261333, at *2, 2009 U.S. Dist. LEXIS 8022, at *6 (N.D.N.Y. Feb. 4, 2009).

The *Stanley* court held that a cause of action is property of the estate if the alleged acts and omissions occur prior to a bankruptcy filing and are "rooted in [the debtor's] pre-bankruptcy past." *Stanley*, 2009 WL 261333, at *3, 2009 U.S. Dist. LEXIS 8022, at *8. Additionally, allowing the estate to assert such claims does not hinder a debtor's fresh start if the debtor's discharge is not impacted. *Id.*; *see also Segal v. Rochell*, 382 U.S. 375, 380 (1966) ("[T]he bankrupt without a . . . claim to preserve has more reason to earn income rather than less.").

The Debtors' claim for malpractice is sufficiently rooted in the bankruptcy past for it to be property of the estate. The cause of action is alleged to have arisen out of acts and omissions

that occurred during Ms. Osborne's previous chapter 11 case, which was dismissed and closed prior to the commencement of the current chapter 7 case. Allowing the Trustee to exercise control of this cause of action does not hinder the Debtors' fresh start as the Debtors have already received a discharge in this case. Based on this, the Court sees no reason to reconsider its previous decision and the Debtors' motion to reargue is denied.

## Conclusion

For the foregoing reasons, the Debtors' motion to vacate their discharge and dismiss their chapter 7 case is denied; the Debtors' motion for reargument is also denied. The Trustee should submit an order consistent with this decision.

Dated: Poughkeepsie, New York
      March 14, 2013        /s/ Cecelia G. Morris
                                      CECELIA G. MORRIS
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE