Oxman Tulis Kirkpatrick
Whyatt & Geiger, LLP
*Attorneys for Mark S. Tulis, Chapter 7 Trustee*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
By: Stuart E. Kahan, Esq., Of counsel

Hearing Date: February 9, 2016 at 9:30 am
Responses due: February 2, 2016 at 5:00 pm

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(POUGHKEEPSIE DIVISION)**
-------------------------------------------------------------------X
In re:  Patrisha S. Osborne and George R.
          Osborne,

Chapter 7
Case No. 11-38122 (CGM)


                                    **Debtors.**
-------------------------------------------------------------------X

**DECLARATION IN SUPPORT OF THE TRUSTEE'S APPLICATION FOR AN ORDER: A) PURSUANT TO FEDERAL BANKRUPTCY PROCEDURE 9011 (c) (1) (A), AND THIS COURT'S INHERENT POWER SANCTIONING THE DEBTORS FOR THEIR MOTION DATED JANUARY 18, 2015 AND NOTICED FOR HEARING ON FEBRUARY 9, 2016 SEEKING VACATUR OF THIS COURT'S ORDER DATED OCTOBER 9, 2013; DIRECTING THE CHAPTER 7 TRUSTEE TO PREPARE AND FILE HIS FINAL REPORT; DISMISSING THE BANKRUPTCY CASE PURSUANT TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017; ISSUING AN ORDER OF DISCHARGE OF THE DEBTORS AND FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER; B) ENJOINING THE DEBTORS FROM SERVING AND/OR FILING ANY PAPERS IN CONNECTION WITH THIS BANKRUPTCY PROCEEDING WITHOUT THE PRIOR APPROVAL OF THIS COURT; C) PURSUANT TO 11 U.S.C. §107 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9018 REDACTING FROM THE DEBTORS MOTION AND SUPPORTING AFFIDAVIT THOSE MATTERS DEEMED TO BE EITHER SCANDALOUS AND/OR DEFAMATORY; AND D) FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER**

TO:    HON. CECILIA G. MORRIS CHIEF BANKRUPTCY JUDGE,
         UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

         STUART E. KAHAN, an attorney duly admitted to practice law before this court, declares as follows:

1.  He is associated with the law firm of Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, attorneys for Mark S. Tulis, Chapter 7 Trustee for the debtors Patricia S. Osborne and George R. Osborne ("Trustee"). On or about December 18, 2015, the debtors served a Notice of Motion and supporting affidavit with exhibits requesting the following relief:

> 1) vacating this court's order entered on October 9, 2013, pursuant to Federal Rules of Civil Procedure 60 (b) (6) and Federal Rules of Bankruptcy Procedure 9024 which order granted the Trustee's motion to settle a potential legal malpractice claim for the sum of $50,000;
>
> 2) directing the Chapter 7 trustee to prepare and file his final report and final account;
>
> 3) dismissing the bankruptcy case pursuant to Federal Rules of bankruptcy procedure 1017;
>
> 4) issuing an order of discharge for the debtors and entry of a final decree; and
>
> 5) such other and further relief as this court deems just and proper.[1]

2.  For reasons detailed herein and in the accompanying Memorandum of Law, the Trustee asks this court to impose monetary and other sanctions upon the debtors for their motion which is not only frivolous, but has been filed in bad faith, with the intention of delaying these proceedings and to the detriment of the creditors of the bankruptcy estate. This court previously apprised the debtors of the possibility that sanctions could be imposed and the Trustee now asks for the imposition of sanctions.

---

[1] The Notice of Motion with Supporting Affidavits and Exhibits was served upon the Trustee's counsel, the Trustee, counsel for Genova &Malin and the insurance carrier for Genova & Malin on December 18, 2015. Those papers (without exhibits) are annexed as **Exhibit A**. For reasons known only to the Debtors, the December 18 motion was not filed with this Court. As detailed herein, the Trustee's counsel sent a 21 day letter to Debtors on December 28 asking that the Debtors' motion be withdrawn. Subsequently the Trustee learned that the December 18 motion had not been filed. The Debtors on January 19 filed the instant motion which, in all respects is identical to the December 18 motion except that the hearing date has been changed from January 26 to February 9. As Debtors did not withdraw their motion within the 21 days after service of the Trustee's proposed motion on December 28, 2015, the Trustee has now filed this motion.

## PROCEDURAL BACKGROUND

3. The debtors filed a voluntary Chapter 7 petition on November 9, 2011. Paul Banner was appointed as the Chapter 7 Trustee. On or about December 20, 2011 Trustee Banner filed his report of no distribution reporting:

> I Paul L Banner, having been appointed Trustee of the estate of the above–named debtors, report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtors and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Federal Rules of Bankruptcy Procedure 5009, I hereby certify that the estate of the above–named debtors has been fully administered. I request that I be discharged from any other duties as trustee.

4. On March 10, 2012 an order of discharge and final decree was mailed to the debtors. (**Exhibit B**)

5. On October 1, 2012, Trustee Banner moved for an order to reopen the debtors bankruptcy case after learning of a potential estate asset which had not been previously disclosed. This asset was a potential legal malpractice claim against the law firm of Genova and Malin. (ECF Doc. 26). Trustee Banner's motion was opposed by the debtors. This court, in an order dated December 13, 2012 (ECF Doc. 36) granted the Trustee's motion, directed that the matter be reopened and that a new trustee be appointed. Mark S, Tulis was subsequently appointed as Trustee.

5. Shortly after Mr. Tulis was appointed as a Trustee, the debtors moved to vacate their discharge and to dismiss the bankruptcy case. (ECF Doc. 39). The debtors' motion was opposed by the Trustee. This court, in an order dated March 20, 2013 denied the debtors' motion. Copies of this Court's memorandum decision dated March 14, 2013 and subsequent order are annexed as **Exhibit C**.

3

6.   The debtors appealed this Court's order to the United States District Court. Judge Briccetti, in a memorandum decision filed on October 9, 2013 affirmed the Bankruptcy Court's order. (**Exhibit D**) Debtors appealed Judge Briccetti's order to the United States Court of Appeals for the Second Circuit, which court affirmed the order on February 19, 2015 (*Osborne v. Tulis*, 594 Fed. Appx. 39 (2nd Circuit 2015) (**Exhibit E**)

7.   On May 24, 2013 the debtors filed a second motion to dismiss the bankruptcy case or to convert the case to Chapter 11. The Trustee opposed the debtors' motion. This Court in an order dated July 15, 2013, denied the debtors' motion with prejudice. The Court further ordered:

> Debtors may be subject to sanctions, pursuant to Federal Rule of Bankruptcy Procedure 9011 and the Court's inherent powers, if they continue to file documents containing similar allegations to this motion, or they file documents that the Court determines to be repetitive, groundless, or filed for an improper purpose. *See: In re: Harmes,* 423 BR 678, 681 (Bankr. D.N. M. 2010) ("The purpose of Rule 9011 is to deter baseless filings in bankruptcy and thus avoid the expenditure of unnecessary resources by imposing sanctions on those found to have violated it."). (**Exhibit F**)

8.   On August 27, 2013 the Trustee moved for an order pursuant to Federal Rules of Bankruptcy Procedure 9019 approving the settlement of the potential legal malpractice claim for $50,000. (ECF Doc. 94) The debtors, in addition to opposing the Trustee's motion, cross–moved for an order again seeking dismissal of this bankruptcy case. (ECF Doc. 102) This Court, in a memorandum decision dated October 3, 2013, granted the Trustee's motion and denied the debtors' cross motion. (ECF Doc. 106) In denying the debtors' cross motion to dismiss, this Court referenced its earlier decision denying debtors' motions to dismiss. (Memorandum decision at pp 7-8) (**Exhibit G**)

4

9. The debtors appealed the Bankruptcy Court's order. Judge Seibel, in an opinion and order signed on June 17, 2014, dismissed the debtors' appeal finding that they lacked standing. (**Exhibit H**) Further, in a footnote Judge Seibel wrote:

> I briefly note that most of Appellant's contentions both here and below involve allegations of a corrupt conspiracy among the Bankruptcy Judge, various Trustees in both the Southern and Northern Districts of New York, and Genova & Malin in connection with protecting that firm from the malpractice suit. Appellants present absolutely no evidence to support such allegations. To the extent Appellants argue that the Bankruptcy Court failed to undertake its own analysis and that the Trustee failed to properly investigate the claim before agreeing to the settlement, those arguments are directly contradicted by the October 3, 2013 decision, the Trustee submissions to the Bankruptcy Court, and his representations to the Court at the October 1, 2013 hearing. Finally, given the deference which may be given to the Trustee's business judgment as to the value of the malpractice claim, that a settlement "will the pass muster provided it does not fall below the lowest point in the range of reasonableness" and the substantive problems with the claim as described above, a $50,000 recovery for the benefit of the estate's creditors strikes the Court as not just an acceptable outcome, but, in the circumstances, an auspicious one. *See*, Osborne v. Tulis, 2014 WL 273-8558 (SDNY 2014).

10. The debtors appealed Judge Seibel's order to the Court of Appeals. That court, in a summary order dated February 19, 2015 affirmed Judge Seibel. (*Osborne v. Tulis*, 594 Fed. Appx. 34 (2nd Cir. 2015) (**Exhibit I**)

11. Since the time that this court approved the settlement for $50,000, the debtors have attempted to interpose themselves into these proceedings by serving subpoenas for documents. (ECF Docs. 126 and 131) (**Exhibit J**)

12. On October 20, 2013 the Trustee requested that the clerk enter a Notice of a Possible Dividend. That notice was entered on the docket on October 20, 2015 (ECF Doc. 129). Proofs of Claim are due to be filed on or before January 22, 2016. As a result of the aforementioned notice, various proofs of claim have been filed. It is the Trustee's intention, once the last date for filing proofs of claim passes, to review the claims by February 1, 2016, object to

5

such claims by March 15, 2016 and file a final report with the United States trustee by May 1, 2016.

## THE DEBTORS MOTION TO VACATE, FOR DISMISSAL AND OTHER RELIEF

13.     The debtors have now moved for an order: 1) vacating this court's October 9, 2013 order approving the settlement of the malpractice claim for $50,000; 2) directing the Chapter 7 Trustee to prepare and file his final report and final account; 3) dismissing the bankruptcy case pursuant to Federal Rules of Bankruptcy Procedure 1017; 4) issuing an order of discharge and entry of the final decree; and 5) for such other and further relief as this court deems just and proper. As detailed herein and in the accompanying Memorandum of Law, the debtors' motion lacks any substantive basis, was filed in bad faith, is intended to delay the proceedings and will severely damage the creditors' ability to recover anything from the debtors' estate. Sanctions are warranted.

## VACATING THE ORDER APPROVING

## SETTLEMENT OF THE MALPRACTICE ACTION

14.     In their notice of motion, debtors explain this proposed relief as follows:

Vacating this court's order entered on October 9, 2013, pursuant to Federal Rules of Civil Procedure 60 (B) (6) and Federal Rules of Bankruptcy Procedure 9024 which order granted the motion of the US Trustee and approved a collusive settlement of $50,000 from the insurance carrier of debtors' $5,250,000 attorney malpractice claim, on the grounds the facts underlying said order have changed, the attorney malpractice claim which is the subject matter of the settlement agreement no longer exists, the time to bring any legal action to enforce such claim has expired, and there is no known authority under the Bankruptcy Code for this Court to approve the direct payment of funds to a U.S. Chapter 7 Trustee where the claim is non–existent, performance of the agreement is impossible, both parties and contract have been discharged, the "agreement today is non-existent, and as a matter of law, there is nothing for the Court to enforce or settle.

15.     The debtors' effort to vacate this court's October, 2013 order approving the settlement of the potential malpractice claim of for $50,000 lacks any substantive basis. Debtors

6

seek such relief pursuant to Federal Rules of Civil Procedure 60 (b) (6) and Federal Rules of Bankruptcy Procedure 9024. Rule 60 (b) (6) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "any other reason that justifies relief." Not only must this motion be made within a reasonable period of time following the issuance of the order which is sought to be vacated, but this "catch-all" provision may only be "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *See: In re: Trine*, 2015 WL 236617 (Bankr. WDNY 2015) (citing *Laws v. Croft,* 2009 US Dist Lexis 7647 at 3 (W.D.N.Y. January 29, 2009)). Debtors' application is based upon a fundamental misunderstanding. Debtors appear to believe that since the statute of limitations for a potential legal malpractice claim case has expired (a point on which the Trustee takes no position) that the settlement of the case is therefore null and void and the action should be dismissed. What debtors choose not to recognize is that when the proposed settlement was presented to the court a potential legal malpractice claim remained viable. The settlement of the claim for $50,000 based upon discussions with the representative for the insurance carrier for Genova & Malin recognized that a claim could be brought. That a claim may now be time-barred is irrelevant. Moreover, granting the debtors' relief would result in a perverse outcome. Specifically, there would be no money available for distribution to creditors since, the Trustee would presumably have to return to the insurance carrier the $50,000 which he has received in settlement of the claim.[2] It can hardly be the case that the Bankruptcy Code would permit the judgment to be vacated to the detriment of those creditors who would otherwise obtain some recovery from the estate. Debtors' claim that the malpractice case is

---

[2] As of the date of this motion, twenty three claims have been filed. The total amount claimed is $152,673.91. Claim Number 8 for $55,930.35 was filed by Herbert Feinberg. On October 15, 2015, that claim was assigned to the Debtor George Osborne. (ECF Document 127).

7

"nonexistent" is wrong and the debtors know that the claim is wrong. This is nothing more than an attempt to delay this proceeding which is in its final stages.

16.    The debtors next seek to compel the Chapter 7 Trustee to prepare and file his final report and final account. The last day to file proofs of claims is January 22, 2016. It is the Trustee's intention that on or about February 1, 2016 he will conduct a review of the claims and will object to such claims as necessary by March 15. Finally, the Trustee intends to file his final report with the United States Trustee by May 1, 2015. Therefore, this portion of the debtors' motion is rendered moot since the Trustee fully intends to comply with the requirements under the Bankruptcy Code for closing of this case.

17.    Debtors next seek dismissal of the Chapter 7 case. As noted by debtors:

> Dismissing this case, pursuant to Federal Rule of Bankruptcy Procedure 1017, after the hearing provided for in this motion, on the ground that this Court, in an in-court ruling on November 27, 2012, and an order entered on December 13, 2012, granted the motion of a U.S. Chapter 7 trustee and reopened this proceeding "for the limited purpose" stated in her ruling, "of administering a newly discovered asset", and since the facts reveal that neither the Judge nor the U.S. trustee ever administered or intended to administer the asset, and the asset itself no longer exists, and there are no other assets in the Chapter 7 estate, this proceeding is not only unnecessary but it is meaningless and should be dismissed.

18.    As detailed above, the debtors have moved on multiple occasions to dismiss the bankruptcy proceeding. All of those motions have been denied here, followed by affirmances in the in the District Court and in the Court of Appeals. A similar denial is warranted here. Despite the debtors' contentions to the contrary, the Trustee did administer the asset, a potential malpractice claim against Genova & Malin. That asset administration resulted in the settlement of that claim for $50,000. Debtors have repeatedly claimed that this Court, the Trustee, and others have acted to avoid administering this potential asset. Such a contention has been rejected numerous times. Further, debtors' contention that the asset "no longer exists" is again beside the

8

point. When the settlement was approved in October, 2013, there was a potential claim for legal malpractice. That claim was settled. That payment on that claim was not made until after the statute of limitations expired is irrelevant. Again, the debtors know this and they have submitted this motion simply to delay the proceedings. To what end is unclear since, if the $50,000 is removed from the estate, then the creditors will receive absolutely nothing inasmuch as the $50,000 is the only estate asset. It may well be that the debtors unstated intention is to deny the Trustee and Trustee's counsel any fees whatsoever and that by removing the $50,000 from the estate this would accomplish that end.

19. The debtors next asked the court for an order of discharge and entry of a final decree. The debtors were discharged from their debts by order dated March 8, 2012. Indeed, in prior motion practice the debtors sought to vacate their discharge, which motion was denied. Therefore, the debtors are requesting relief that they have already been granted. As for a final decree, the Trustee will follow proper procedures to conclude this matter.

## IMPOSITION OF SANCTIONS

20. It is the Trustee's position that the imposition of sanctions pursuant to Federal Rules of Bankruptcy Procedure 9011(c)(1)(A) is warranted. Further, the Trustee believes that pursuant to this Court's inherent authority, sanctions are appropriate. Even though the debtors are pro se (although Mr. Osborne was a practicing attorney) the debtors are obligated to comply with the requirements of Rule 9011. The debtors' motion has been presented to this Court for an improper purpose, which is to harass and cause unnecessary delay and needlessly increase the cost of litigation.[3] The debtors' motion, containing no reference to the decisions by Judge Seibel and the United States Court of Appeals has been submitted for one purpose alone, that is to delay

---

[3] This point is reinforced by the Debtors' intentional decision to serve (but not file) this motion on December 18, requiring the Trustee to respond.

this litigation and cause the estate to incur additional legal expenses. The underlying potential malpractice action is settled and the funds have been provided to the Trustee. No substantive basis exists for dismissal of this action or for vacating this court's earlier order approving the settlement. There are no extraordinary circumstances presented.

21. Further, the claims detailed in debtors' motion are frivolous and are not warranted by any existing legal argument. Debtors contend that since there is no action for malpractice at this time there is nothing to settle and therefore no funds to provide to the estate. Debtors are attempting to force a square peg into a round hole. It simply won't work. The debtors may argue that their motion presents new arguments, that is simply not the case. Multiple motions to dismiss have been made and all have been denied. The court should similarly deny this motion.

22. Further there is no evidentiary support for the allegations contained in debtors' motion. For these reasons, as further detailed in the Memorandum of Law, sanctions pursuant to Rule 9011 are warranted.

23. Additionally the Trustee contends that sanctions are warranted pursuant to this Court's inherent authority. This Court has the authority to impose sanctions as the debtors' motion was made without a colorable basis and the claim was brought in bad faith. *See, In re: Campora*, 2014 WL 4980027 (Bankr. E.D.N.Y. 2014) The debtors' motion lacks any legal or factual support and is so lacking in merit that this court should conclude that the motion was served and filed for an improper purpose such.

## "SAFE HARBOR" PROVISION

24. Pursuant to Federal Rules of Bankruptcy Procedure 9011(c) (1)(A), a draft of this motion along with a cover letter, (**Exhibit K**) were provided by overnight mail to the debtors. The debtors were advised that they had twenty one days to withdraw their motion and that should

they fail to withdraw the motion, the Trustee would proceed with filing of the motion for sanctions. To date the motion has not been withdrawn. Indeed, Debtors knowing that they did not file their December 18 motion, filed the motion <u>after</u> the twenty one day period expired.

25.    This Court has the authority to "prohibit abusive and vexatious litigation practices for the issuance of filing injunctions." <u>In re: Belmonte</u>, 524 BR 17, 31 (Bankr. E.D.N.Y. 2015) Factors to be considered in whether such a filing injunction is warranted include: 1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; 2) the litigant's motive in pursuing the litigation; 3) whether the litigant is represented by counsel; 4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and 5) whether other sanctions would be adequate to protect the courts and other parties.

26.    There is no reason to believe that the debtors will not continue their practice of bad-faith filings without court intervention. Debtors' motions, particularly the instant motion, lack any substantive basis whatsoever and were undertaken for the purpose of delay and to increase litigation expenses. Even though this Chapter 7 proceeding is nearing conclusion, this Court should enjoin the defendants from filing and/or serving any other papers in connection with this bankruptcy proceeding without first obtaining approval from the Court.

### <u>REDACTION OF SCANDALOUS AND/OR DEFAMATORY MATERIAL</u>

27.    Pursuant to Federal Rules of Bankruptcy Procedure, this court "may make any order which justice requires… to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code..." The debtors' motion contains numerous statements regarding the Trustee, the Court, debtors' former counsel and others which "unnecessarily reflects on the moral character of an individual or states anything in repulsive

language that detracts from the dignity of the court." *In re: Starbright Properties Corp.*, 2012 WL 2050745 at 6 (Bankr. E.D.N.Y. 2012) There is no evidence supporting the allegations relating to the Trustee, this Court or others which would otherwise be admissible. The assertions are in no way relevant to these proceedings. Therefore, striking of the scandalous material is warranted.

**WHEREFORE**, it is respectfully requested that the Trustee's motion be granted in its entirety and that the debtors' motion be denied in its entirety and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       January 21, 2016

_____
       STUART E. KAHAN, ESQ.