# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                              :
                                                    :
PATRISHA S. OSBORNE and GEORGE R.                   :
OSBORNE,                                            :
              Debtors.                              :
                                                    :
---------------------------------------------------------     :
PATRISHA S. OSBORNE and GEORGE R.                   :    **MEMORANDUM DECISION**
OSBORNE,                                            :
              Appellants,                           :    13 CV 2803 (VB)
                                                    :
v.                                                  :
                                                    :
MARK S. TULIS,                                      :
              Appellee.                             :
--------------------------------------------------------------x

Briccetti, J.:

      Debtor-appellants Patrisha S. Osborne and George R. Osborne, proceeding pro se, appeal from the bankruptcy court's Memorandum Decision Granting Trustee's Motion to Reopen, dated December 13, 2012 (Dkt. No. 11-BR-38122, Doc. #35), and subsequent Order Denying Debtors' Motion to Vacate Discharge, dated March 14, 2013. (Id., Doc. #52). Debtors also moved for oral argument on the appeal. (Dkt. No. 13-CV-2803, Doc. #18).

      For the following reasons, the orders are AFFIRMED and the motion for oral argument is DENIED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001.

## BACKGROUND

      Debtor Patrisha Osborne was the owner of property at 123 Nottingham Road, Clinton Corners, New York, which was the subject of a foreclosure action. (See Dkt. 11-BR-37271, Docs. # 1, 4). On August 8, 2011, on the eve of a foreclosure sale, she commenced a Chapter 11

1

bankruptcy proceeding (SDNY 11-BR-37271), through bankruptcy counsel Genova & Malin, with the hope of staying the sale and finding a "white knight" that would allow her to reorganize and save her property. (See Dkt. 11-BR-37271, Docs. # 7, 37 ¶ 12; see also Dkt. 11-BR-38122, Doc. #49). She was unsuccessful. On September 20, 2011, the bankruptcy court held a hearing on her motion to extend the automatic bankruptcy stay and for other relief, and denied the motion. (See Dkt. 11-BR-37271, Doc. #28 at 30:6-8).

Thereafter, on November 9, 2011, both Patrisha Osborne and George Osborne (wife and husband), proceeding pro se, filed a separate joint Chapter 7 petition for bankruptcy relief (SDNY 11-BR-38122).

Meanwhile, on November 17, 2011, Patrisha Osborne terminated Genova & Malin from representing her in her Chapter 11 case (See Dkt. 11-BR-37271, Doc. # 29), and on November 29, 2011, moved to dismiss the action. (Id. Doc. #37). A hearing was held on December 13, 2011, and the case was dismissed on December 16, 2011. (Id. Doc. #42).

Because the automatic bankruptcy stay was no longer in effect, the foreclosure proceedings resumed.

The jointly filed Chapter 7 case also continued, and a meeting of the creditors took place on December 8, 2011. At that meeting, debtors assert they informed the Chapter 7 trustee of a potential malpractice action against Genova & Malin. However, there is no dispute debtors did not list the potential malpractice claim on their schedule of assets and liabilities, nor did they ever amend the schedules to include the claim.

On January 26, 2012, the property was sold in a foreclosure sale.

On March 8, 2012, debtors received a discharge and the Chapter 7 bankruptcy case was closed.

On March 15, 2012, Patrisha Osborne transferred title to the new property owner. On August 8, 2012, the Osbornes vacated the property.

On or about September 10, 2012, Patrisha Osborne filed a malpractice action against Genova & Malin in New York Supreme Court based upon their representation of her in the Chapter 11 proceedings. The trustee for the Chapter 7 case moved to reopen the action, arguing the malpractice cause of action arose pre-petition (i.e., before the Chapter 7 case was filed on November 9, 2011) and was thus an undisclosed asset of the bankruptcy estate. (Dkt. No. 11-BR-38122, Doc. #27). The bankruptcy court agreed and reopened the case. (Dkt. No. 11-BR-38122, Doc. #35).

Unhappy the malpractice action would now be handled as part of the bankruptcy estate, debtors moved to vacate their discharge and dismiss the Chapter 7 case, or in the alternative, for re-argument of the order reopening the case. (Dkt. No. 11-BR-38122, Doc. #39). The motion was denied in its entirety. (Dkt. No. 11-BR-38122, Doc. #52). Thus, the malpractice action remained property of the estate to be pursued by the trustee for the benefit of the creditors and debtors.

Debtors appeal both of the decisions, arguing (i) the malpractice action is not property of the estate because the claim did not accrue until they suffered damages from the sale of the property in foreclosure, which was post-petition, (ii) even if the action arose pre-petition, it was disclosed to and abandoned by the trustee; therefore, the decision to reopen the bankruptcy was in error, and (iii) the bankruptcy action should have been dismissed as to George Osborne.

Because the Court agrees with the well-reasoned opinion of Chief Judge Morris that the malpractice action is property of the estate, was not disclosed or abandoned by the trustee, and that the action could properly proceed as to Mr. Osborne, the decisions are AFFIRMED.

3

## DISCUSSION

The Federal Rules of Bankruptcy Procedure provide that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. The Court reviews a bankruptcy court's conclusions of law de novo and its findings of fact under a clearly erroneous standard. In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir. 1990). The standard of review for the denial of a motion for reconsideration is abuse of discretion. Bank of Am. Nat. Ass'n v. AIG Fin. Prods. Corp., 509 F. App'x 24, 27 (2d Cir. Apr. 5, 2013) (citing Empresa Cubana del Tabaco v. Culbro Corp., 541 F.3d 476, 478 (2d Cir. 2008)).

The Court liberally construes submissions of a pro se litigant and interprets them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

I.     The Alleged Malpractice Action Is Property of the Estate

"Property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." See 11 U.S.C. § 541(a)(1). "Because assets within the estate are those that exist 'as of the commencement of the case,' 11 U.S.C. § 541(a), property acquired by the debtor *after* the filing of a bankruptcy petition generally does not become part of the estate." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008).

"[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541 . . . [including] causes of action owned by the debtor or arising from property of the estate." Id. (internal quotations and citations omitted, first alteration in original); see also Winick & Rich, P.C. v. Strada Design Assocs. (In re Strada Design Assocs.), 326 B.R. 229, 235 (Bankr. S.D.N.Y. 2005) ("Without doubt, causes of

4

action that accrue under state law prior to the filing of a bankruptcy petition become 'property of the estate.'").

Under New York law, "[a] legal malpractice claim accrues 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court.'" McCoy v. Feinman, 99 N.Y.2d 295, 301 (2002) (quoting Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541 (1994)); see also Britt v. Legal Aid Soc., Inc., 95 N.Y.2d 443, 446 (2000) ("In legal malpractice actions arising out of civil proceedings, an action for malpractice accrues at the date of the malpractice, i.e., the date when the injury occurs."). The statute of limitations for the action may be tolled for various reasons (i.e., under the rule of continuous representation), but that does not "delay the point at which the cause of action accrues." Glamm v. Allen, 57 N.Y.2d 87, 93 (1982). Nor is the date the client discovered the wrong or injury relevant to determining the accrual date. McCoy v. Feinman, 99 N.Y.2d at 301 (citing Shumsky v. Eisenstein, 96 N.Y.2d 164, 166 (2001)).

After reviewing George Osborne's affidavit dated November 29, 2012 (Dkt. No. 11-BR-38122, Doc. #34), which describes the basis for the malpractice action, the bankruptcy court concluded the action arose out of events that occurred during Patrisha Osborne's Chapter 11 case, before the debtors jointly petitioned for Chapter 7 relief. Because the malpractice cause of action existed as of the commencement of the Chapter 7 petition, the bankruptcy court concluded the action was property of the estate under 11 U.S.C. § 541. (Doc. #35, at 5).

The Court agrees. The malpractice cause of action accrued before the Chapter 7 petition was filed because the alleged injury or malpractice occurred during the Chapter 11 proceedings. Debtors allege the "legal malpractice [was] committed during the period in which [Genova & Malin] represented the debtor, Patrisha Osborne." (Doc. #34, ¶ 6; see also id. ¶ 9). According to

the affidavit, that representation spanned from August 3 through September 20, 2011, when Chief Judge Morris held a hearing and denied Patrisha Osborne's motion to extend the automatic bankruptcy stay and for other relief. (Id. ¶ 8). Debtors also allege they were advised by Genova & Malin to convert the Chapter 11 bankruptcy into a Chapter 7 proceeding, but to do so in a separate action and jointly with Mr. Osborne. (Id. ¶ 10). The debtors did so on November 9, 2011.

Because debtors allege the malpractice occurred before the Chapter 7 petition was filed, the bankruptcy court correctly determined that the malpractice claims accrued pre-petition. It is not clear whether the Osbornes are also alleging Genova & Malin committed malpractice in connection with their advice that debtors commence a separate Chapter 7 action (as opposed to converting the already filed Chapter 11 action). But, even if they are so alleging, any claim arising out of those circumstances accrued on the date the petition was filed, which also becomes property of the estate because the cause of action existed "as of the commencement" of the Chapter 7 bankruptcy. See In re Strada Design Assocs., 326 B.R. at 237 ("A cause of action for legal malpractice based on negligently advising a client to file a bankruptcy petition accrues, at the latest, at the time the petition is filed," citing Williams v. Stein, 6 A.D.3d 197, 775 N.Y.S.2d 255, 255-56 (1st Dep't 2004)); see also Johnson v. Alvarez (In re Alvarez), 224 F.3d 1273, 1278 (11th Cir. 2000) (malpractice claim that accrued on petition date was property of the estate because it existed "as of the commencement" of the bankruptcy).

The Court rejects debtors' argument that the malpractice claims did not accrue until the property was sold in a foreclosure sale in 2012 because until that point in time "they had lost nothing" and thus had suffered no damages. See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) ("To state a claim for legal malpractice under New York law, a

6

plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; *and* (3) actual damages."); see also Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94 (1993) ("The Statute of Limitations does not run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint.").

Other courts have rejected the argument that a malpractice claim accrues, not at the time of injury or malpractice, but at the time plaintiff suffered damages because it does not comport with the reasoning of Ackerman v. Price Waterhouse, 84 N.Y.2d 535 (1994). See Seippel v. Jenkens & Gilchrist, P.C., 341 F. Supp. 2d 363, 375 (S.D.N.Y. 2004), amended on reconsideration on other grounds, 2004 WL 2403911 (S.D.N.Y. Oct. 26, 2004); Adamson v. Bachner, 2002 WL 31453096, at *2 (S.D.N.Y. Oct. 31, 2002); see also Docster v. Levene, 2005 WL 1388899, at *4-5 (N.D.N.Y. June 8, 2005) (citing cases relying on Ackerman).

Ackerman involved the alleged malpractice of accountants in preparing tax returns. The court held that the claim accrued "upon the client's receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice and, as a consequence of such reliance, can become liable for tax deficiencies." 84 N.Y.2d at 541. The court specifically held that "this is the time when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court." Id. The court rejected plaintiffs' argument that their claim did not accrue until the IRS assessed a deficiency (i.e., the date they suffered damages) because that date would necessarily vary and the policies underlying a statute of limitations "demand a precise accrual date that can be uniformly applied." Id. at 542.[1]

---

[1] See also McCoy v. Feinman, 99 N.Y.2d at 305 (applying Ackerman to determine legal malpractice claim accrued when attorney failed to assert a claim to preretirement death benefits in a divorce settlement, and concluding damages were "sufficiently calculable" at that time);

7

The Court is persuaded by the reasoning of the Seippel and Adamson courts and concludes any alleged injury occurred when Patrisha Osborne relied on her attorneys' advice during their representation of her in the Chapter 11 proceedings. At that time, all the facts necessary to her alleged malpractice cause of action had occurred.[2]

Because the Court concludes the alleged malpractice claim accrued pre-petition or simultaneously with the filing of the Chapter 7 petition, it need not and does not reach the bankruptcy court's alternative holding in its decision on re-argument that the claim is also property of the estate, even if it accrued post-petition, because it was "sufficiently rooted in the bankruptcy past." (Doc. #52, at 13). The Court notes, however, that there is disagreement among courts as to the viability of that reasoning in similar circumstances. See In re Holstein, 321 B.R. 229, 236-38 (N.D. Ill. 2005) (surveying case law and disavowing reliance on Segal v. Rochelle, 382 U.S. 375 (1966) to pull claims accruing post-petition into the bankruptcy estate).

II.    The Bankruptcy Action Was Properly Reopened Because Debtors Failed to Disclose an Asset of the Estate

Assets that are properly scheduled under 11 U.S.C. § 521(a)(1)(B)(i) and that are not administered at the time of the closing of a case are considered abandoned to the debtor. 11

---

Elstein v. Phillips Lytle, LLP, 108 A.D. 3d 1073, 1074 (4th Dep't 2013) (claim accrued when malpractice occurred and damages are "sufficiently calculable," not when plaintiffs sustained damages); Johnston v. Raskin, 193 A.D.2d 786, 787 (2d Dep't 1993) (reversing dismissal of malpractice claim deemed to be "premature" by trial court because claim accrued when malpractice occurred and "plaintiff could commence her action although her damages were, as yet, unconfirmed.").

[2]    Debtors' cases are not to the contrary because they all involve claims – none of which is a legal malpractice claim arising under New York law – that accrued post-petition. See, e.g., Brunswick Bank & Trust Co. v. Atanasov (In re Atanasov), 221 B.R. 113, 117 (D.N.J. 1998) (malicious prosecution claim accrued post-petition under New Jersey law); In re Doemling, 127 B.R. 954, 954 (W.D. Pa. 1991) (personal injury cause of action arising out of automobile accident occurring five months after bankruptcy petition); Bobroff v. Continental Bank (In re Bobroff), 43 B.R. 746, 749 (E.D. Pa. 1984) (defamation and interference with contractual relations arising out of events occurring post-petition); Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 396 (E.D.N.Y. 2007) (FLSA overtime claims accrued post-petition).

U.S.C. § 554(c). In contrast, "undisclosed assets automatically remain property of the estate after the case is closed," Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d at 122; see also 11 U.S.C. 554(d), and "[a] case may be reopened in the court in which such case was closed to administer [those] assets." 11 U.S.C. § 350(b).

Assets are considered undisclosed if they are not listed on the debtor's schedule of assets and liabilities as required under 11 U.S.C. § 521(a)(1)(B)(i). See Ayazi v. N.Y.C. Bd. of Educ., 2006 WL 1995134, at *4-7 (E.D.N.Y. July 14, 2006) (concluding trustee's actual knowledge of an asset is irrelevant if the asset was not properly listed on the debtor's schedule), reversed on other grounds, 315 F. App'x 313, 314 (2d Cir. 2009) (summary order) (noting "no error in the district court's careful and thorough explication of the law governing abandonment of property of a bankruptcy estate").

Because debtors did not list the malpractice claim on their schedule of assets, the claim remains an undisclosed asset of the bankruptcy estate, and the bankruptcy court properly reopened the case to permit the trustee to administer the asset.

III.  Debtors' Application to Vacate Their Discharge and Dismiss the Chapter 7 Petition Was Properly Denied

George Osborne argues the Chapter 7 petition should be dismissed as it relates to him because he did not comply with credit counseling requirements and the malpractice action belongs exclusively to Patrisha Osborne.

The Court disagrees. Chief Judge Morris correctly determined that George Osborne's failure to comply with the eligibility requirements of 11 U.S.C. § 109 did not mandate dismissal because those requirements are not jurisdictional in nature, see Adams v. Zarnel (In re Zarnel), 619 F.3d 156, 169 (2d Cir. 2010), because Mr. Osborne waived his ability to raise non-compliance with 11 U.S.C. § 109(h), see In re Mendez, 367 B.R. 109, 114-18 (B.A.P. 9th Cir.

2007); In re Parker, 351 B.R. 790, 797 (Bankr. N.D. Ga. 2006), and because he is judicially estopped from arguing that he was not in compliance. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001), and In re Parker, 351 B.R. at 798.

The Court has considered debtors' additional arguments and finds them to be without merit. Additionally, the request for oral argument is denied.

## CONCLUSION

The Court AFFIRMS the orders of the bankruptcy court, and the motion for oral argument is DENIED.

The Clerk is instructed to terminate the appeal and close this case.

Dated: October 8, 2013
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

10