# EXHIBIT E

Osborne v. Tulis, 594 Fed.Appx. 39 (2015)

594 Fed.Appx. 39
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Patrisha S. OSBORNE, George R. Osborne, Debtors–Appellants,
v.
Mark S. TULIS, Trustee–Appellee.

No. 13–4402. | Feb. 19, 2015.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).
**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

**Attorneys and Law Firms**

Patrisha S. and George R. Osborne, pro se, Elizaville, NY, for Debtors–Appellants.

Stuart E. Kahan, Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, White Plains, NY, for Trustee–Appellee.

*40 PRESENT: B.D. PARKER, PETER W. HALL and RAYMOND J. LOHIER, JR., Circuit Judges.

*SUMMARY ORDER*

Pro se appellants Patrisha and George Osborne appeal from the district court's judgment affirming bankruptcy court orders reopening proceedings[1] and denying the Osbornes' motions for reconsideration and dismissal.

Debtors centrally challenge the bankruptcy court's order of December 13, 2012, granting the trustee's motion to reopen the Chapter 7 bankruptcy estate so as to administer debtors' malpractice claim against their former attorneys. Debtors' malpractice claim alleges they were harmed by their former attorneys' failure to obtain an extension of the automatic stay of the foreclosure of their farm during a Chapter 11 proceeding which was initiated on August 8, 2011, and dismissed, upon the debtors' motion, on December 16, 2011. The order denying the extension of the stay was entered on September 20, 2011. The time to appeal that ruling expired on October 4, 2011. *See* Fed. R. Bankr.P. 8002(a)(1); Fed. R. Bankr.P. 8002(d)(2)(a). The Chapter 7 proceeding on appeal in this case was jointly commenced by the debtors on November 9, 2011. A foreclosure sale of debtors' farm took place on January 26, 2012.

A debtor's cause of action is "property" that automatically becomes part of a Chapter 7 estate on the commencement of the Chapter 7 proceeding if that cause of action had already accrued at the time of filing. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir.2008) (per curiam). Although debtors' home was not sold until January 26, 2012, New York law governing legal malpractice makes clear that the accrual of a legal malpractice claim occurs, at the latest, at the time the attorney's mistakes become irrevocable, rather than when the first foreseeable consequence of the botched representation comes to fruition. *See McCoy v. Feinman*, 99 N.Y.2d 295, 305, 755 N.Y.S.2d 693, 785 N.E.2d 714 (2002) (malpractice action for negligent drafting of a stipulation accrued "at the latest, on the day the judgment incorporating the stipulation was filed in the county clerk's office"); *Zorn v. Gilbert*, 8 N.Y.3d 933, 934, 834 N.Y.S.2d 702, 866 N.E.2d 1030 (2007) (mem.) ("Plaintiff's cause of action accrued, at the latest ... when a judgment of divorce was entered in the underlying action."); *Americana Capital Corp. v. Nardella*, 96 A.D.3d 562, 946 N.Y.S.2d 470, 470–71 (2012) (malpractice in drafting security agreement accrued upon execution of agreement rather than at time plaintiff sought to enforce the agreement); *Landow v. Snow Becker Krauss, P.C.*, 111 A.D.3d 795, 975 N.Y.S.2d 119, 120 (2013) (malpractice action accrued on the date of faulty tax advice rather than on date favorable tax status was lost); *Chi. Title Ins. Co. v. Mazula*, 47 A.D.3d 999, 849 N.Y.S.2d 333, 334 (2008) (malpractice claim in adding a nonexistent right of way to deed accrued at the time of the deed's execution rather than upon use of the right of

11-38122-cgm    Doc 134-6    Filed 01/21/16    Entered 01/21/16 13:48:29    Exhibit
Exhibit E- Court of Appeals affirmance    Pg 3 of 3

Osborne v. Tulis, 594 Fed.Appx. 39 (2015)

way); 5 *Awnings Plus, Inc. v. Moses Ins. Grp., Inc.*, 108 A.D.3d 1198, 970 N.Y.S.2d 158, 159–60 (2013) (malpractice action accrued upon execution of agreement assigning plaintiff a debt rather than on date collection was sought). Because the Osbornes bring suit over negligent advice in connection *41 with a motion that was denied in September 2011 (and which would have to have been appealed in October 2011), their cause of action accrued prior to the filing of their November 2011 Chapter 7 petition, and the malpractice claim was an asset of the Chapter 7 estate. The trustee appropriately reopened the Chapter 7 proceeding to administer it.

Debtors' alternative argument that the trustee abandoned the malpractice cause of action is without merit. "[A] trustee's intent to abandon an asset must be clear and unequivocal." *Chartschlaa*, 538 F.3d at 123. No such clear abandonment occurred here. Indeed, the malpractice cause of action was not even listed by the debtors on the schedule of assets in the original Chapter 7 proceedings.

Regarding the denial of their motion for reconsideration, the Osbornes generally argue that the district court's adverse ruling exhibited bias. However, "[a]dverse rulings, standing alone, do not establish judicial bias or prejudice ... nor create a reasonable question of judicial impartiality." *See United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir.1976) (citation omitted). Because the Osbornes offer no other reason supported by the record that the district court erred in affirming the denial of their motion for reconsideration, we affirm.

As to the district court's affirmance of the bankruptcy court's denial of the debtors' motion for dismissal of the reopened Chapter 7 proceeding, the Osbornes argue on appeal that the bankruptcy petition should have been dismissed with respect to George because the malpractice claim belonged solely to Patrisha. Although the Osbornes raised this argument in the district court, we decline to address it because they did not raise it during the bankruptcy proceedings. *See In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir.2014) (failure to raise argument in the bankruptcy court waived the argument even if raised in the district court). Indeed, the argument they offered in support of their motion for dismissal in the bankruptcy court was based on compliance with 11 U.S.C. § 109's credit counseling requirements, an issue they do not raise on appeal to this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have reviewed the Osbornes' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

594 Fed.Appx. 39

Footnotes

1   We agree with the parties that the court has jurisdiction to hear an appeal from the order reopening the Chapter 7 bankruptcy estate on this record. *See* Fed. R. Bankr.P. 8002(b)(1)(D) (extending the time to appeal where a timely motion for reconsideration is filed).

End of Document                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.                    2