# EXHIBIT G

Exhibit Decision Pg 2 of 10

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                            :
                                                            :    Chapter 7
In re:   Patrisha S. Osborne and                            :
         George R. Osborne                                  :    Case No. 11-38122 (cgm)
                                                            :
                                                            :
                                                            :
                                         Debtor.            :
                                                            :
---------------------------------------------------------------X

**MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION TO APPROVE
SETTLEMENT**


**A P P E A R A N C E S :**

Mark S. Tulis
Oxman Tulis Kirkpatrick Whyatt & Geiger
120 Bloomingdale Road
White Plains, NY 10605
*Chapter 7 Trustee*

George and Patricia Osborne
PO Box 274
Clinton Corners, NY 12514
*Pro Se Debtors*

Eric Small
74 Chapel Street
Albany, NY 12207
*Attorney for the United States Trustee*

**CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE**

The trustee brings this motion to approve a settlement of the Debtors' malpractice claim. The Court finds that the settlement is reasonable and in the best interests of the estate and grants the trustee's motion.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Background

The Debtors filed this joint chapter 7 petition (Bankr. S.D.N.Y. No. 11-38122) on November 9, 2011 without the assistance of an attorney.  They received a discharge on March 8, 2012 and the case was closed that same day.  The Debtors are repeat filers having previously filed chapter 11 (Bankr. S.D.N.Y. No. 10-37606) on August 30, 2010.  That case was dismissed on March 7, 2011.  Subsequently, Ms. Osborne filed her own chapter 11 case (Bankr. S.D.N.Y. No. 11-37271) on August 8, 2011, through bankruptcy counsel, Genova & Malin.  That case was dismissed on December 16, 2011.

On December 13, 2013, this chapter 7 was reopened to allow the chapter 7 trustee to administer a malpractice action against that was filed by one of the Debtors against her former counsel.

On August 27, 2013, the chapter 7 trustee filed this motion to approve the settlement of this malpractice lawsuit for $50,000.  On September 11, 2013, the Debtors filed a letter on the docket labeled "Notice to Creditors of Debtors' Cross-Motion for an Order Denying U.S. Trustee's Application for Approval of a Proposed Settlement of Debtor's Malpractice Action and

for Order Dismissing this Chapter 7 Case." *See* ECF No. 99.  On September 27, 2013, the

Debtors filed the cross-motion. *See* ECF No. 102.   The chapter 7 trustee filed a reply to the

Debtors' opposition on September 27, 2013. *See* ECF No. 103.

On October 1, 2013, the Court held a hearing to consider this motion.  The Debtors' also

filed a response to the trustee's request for sanctions. *See* ECF No. 105.

<u>Discussion</u>

**Debtors Do Not Have Standing to Oppose this Motion**

Bankruptcy standing is narrower than Article III standing. *In re Davidson*,

402 B.R. 877, 882 (Bankr. S.D. Ind. 2009).  In order for a party to have standing to object to the

approval of a settlement, that party must have a "pecuniary interest in the outcome of the

bankruptcy proceeding." *Id.*; *see also 60 E. 80th St. Equities, Inc. v. Sapir* (In re 60 E. 80th St.

Equities), 218 F.3d 109 (2d Cir. 2000) ("It is well-established that a Chapter 7 debtor is a 'party

in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation

surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are

paid."); *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124 (S.D.N.Y. 2011) (same).

In this case, the Debtors listed $52,161.57 in unsecured debts in their petition and the

claims register shows $128,643.51 in total claims filed.  Thus, it appears that there will be no

surplus for the Debtors and as such, the Debtors do not have standing to oppose this motion.

**The Proposed Settlement is Reasonable**

A chapter 7 trustee is charged with the duty to "collect and reduce to money the property

of the estate for which such trustee serves, and close such estate as expeditiously as is compatible

with the best interests of parties in interest[.]" 11 U.S.C. § 704(1).  "As an officer of the Court

and as a representative of the Debtor's creditors, the Trustee has a duty to realize the maximum

return for the estate for further distribution to the Debtor's creditors." *In re Mondie Forge, Inc.*,

148 B.R. 499, 502 (Bankr. N.D. Ohio 1992) (denying trustee's request to substitute a purchaser

that would have paid $225,000 less for the same property). "Although a Chapter 7 trustee is a

fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured

creditors." *In re Poage*, 92 B.R. 659, 662 (Bankr. N.D. Texas 1988) (emphasis added); *see also*

*In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) ("A trustee has the statutory

duty to protect and preserve property of the estate for the purpose of maximizing a distribution to

creditors.").

Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a
> compromise or settlement. Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any
> other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). "A proposed settlement will pass muster provided it does not fall

'below the lowest point in the range of reasonableness'." *In re Mrs. Weinberg's Kosher Foods,*

*Inc.*, 278 B.R. 358, 361 (Bankr. S.D.N.Y. 2002) (quoting *Cosoff v. Rodman (In re W.T. Grant*

*Co.),* 699 F.2d 599, 608 (2d Cir.1983), *cert. denied,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97

(1983)) (Berstein, C.J.).

In considering the reasonableness of proposed settlements, the Supreme Court set forth

the following factors in *Protective Committee v. Anderson*, 390 U.S. 414 (1968):

- The relative benefits to be received by creditors under the proposed settlement;

- The likelihood of success in the litigation compared to the present and future benefits
  offered by the proposed settlement;

- The prospect of complex and protracted litigation if settlement is not approved;

- The attendant expense, inconvenience and delay of litigation;

- The probable difficulties of collecting on any judgment that might be obtained;

- The competency and experience of counsel who support the proposed settlement;

- The extent to which the settlement is the product of arm's-length bargaining, and not the product of fraud or collusion;

- The nature and breadth of any releases to be issued as a result of the proposed settlement; and

- The paramount interest of the creditors and proper deference to their reasonable views.

Courts in this circuit continue to discuss the reasonableness of settlements under Bankruptcy Rule 9019 by reference to these factors. *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (quoting *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y.2006)).

"The court may give substantial deference to the business judgment of a bankruptcy trustee when deciding whether to approve a settlement." *In re Receivership Estate of Indian Motorcycle Mfg.*, 299 B.R. 8, 21 (D. Mass. 2003) (emphasis added). "In determining whether the trustee has met [the duty under Section 704(1)], the applicable test is whether the trustee has exercised due care, diligence, and skill as measured by a reasonable person standard, i.e., whether the trustee has acted as an ordinarily prudent person would have acted under similar circumstances and with a similar purpose." *In re Lundborg*, 110 B.R. 106, 109 (Bankr. D. Conn. 1990). "A bankruptcy trustee is a conservator of the estate and must, to the extent possible, be risk averse." *In re Bakalis*, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998).

The Court now turns to the Anderson factors to evaluate this settlement.

*The relative benefits to be received by creditors under the proposed settlement*

This factor has been met. Debtors have discharged their obligations to repay any debts to their creditors. This settlement provides some recovery for the creditors.

*The likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement*

This factor is also met. Debtors' suit is premised upon the fact that this Court did not extend the automatic stay and dismissed the chapter 11 case. They argue but for these events, the Debtors would not have lost their home and business. The trustee has evaluated these claims and determined that Debtors allegations were an insufficient basis for a malpractice claim. It is his belief that "the likelihood of success on a potential malpractice claim . . . is extremely limited." *See* Mtn., Ex. 15 at 5 (Mem. Law), ECF No. 94. He has reviewed the prior bankruptcy filings and met with the Debtors. *See* Mtn., Ex. 1 ¶ 12 (Kahan Declar.).

*The prospect of complex and protracted litigation if settlement is not approved*

The trustee has not yet completed discovery in this matter and this is the only asset of this estate. Thus, settlement at this stage would prevent the need for a trial and the potential loss of the estate's only asset.

*The attendant expense, inconvenience and delay of litigation*

In order to be successful on the merits of the malpractice claim, the trustee would have to prove that but for the actions of their attorneys, the Debtors would have received an extension of the automatic stay and could present a viable reorganization plan. The Court is aware, from the Debtors previous failed attempts at confirming a plan of reorganization, that such a showing would be nearly impossible for the trustee.

*The probable difficulties of collecting on any judgment that might be obtained*

The trustee has not alleged any difficulties in collecting on a judgment.

*The competency and experience of counsel who support the proposed settlement*

The trustee and his counsel are experienced lawyers who have represented numerous

bankruptcy estates.

*The extent to which the settlement is the product of arm's-length bargaining, and not the product of fraud or collusion*

The trustee states that there is no collusion involved in this settlement. The Court has no

evidence demonstrating otherwise.

*The nature and breadth of any releases to be issued as a result of the proposed settlement*

There will be general released executed by the trustee and the defendants in the

underlying lawsuit.  This is an ordinary procedure where settlement has been reached.

*The paramount interest of the creditors and proper deference to their reasonable views*

This settlement affords the creditors the ability to recover money on what otherwise are

discharged and uncollectable debts.

Having considered the factors, the Court finds that this settlement is in the best interest of

the estate and is reasonable under the circumstances.

**Debtors' Cross-Motion in Opposition**

In their opposition, Debtors argue that the trustee did not diligently investigate their

malpractice claim, that his business judgment is not reasonable, that he did not meet with the

creditors, that the creditors oppose the settlement, and that their lawsuit is more valuable than

$50,000.  The Court has already addressed the fact that the Debtors do not have standing to

object to this settlement. *See supra* at 3; *see also* Reply at ¶¶ 3, 13, 14. The Court has also

addressed many of the Debtors' arguments as to why this case should not be dismissed in its

Memorandum Decisions dated December 13, 2013 (ECF No. 35) and March 14, 2013 (ECF No.

52).

As to whether the creditors approve of the settlement.  No creditor has filed opposition to this motion.  In approving this settlement, the Court does not rely solely on the trustee's proffered argument.  Rather, the Court has considered the settlement in light of the circumstances of this case and the Debtors' previous bankruptcy cases filed in this Court.  The Court has considered the factors proposed by the Supreme Court in *Anderson* and has determined that the settlement is fair and equitable and in the best interests of this estate.  Aside from the Debtors' allegations, there is no evidence to support their argument that the trustee did not act diligently and reasonably in making this settlement.

### Conclusion

For the foregoing reasons, the trustee's motion to approve the settlement is hereby GRANTED.  The trustee shall submit an order consistent with this decision.

Dated: Poughkeepsie, New York
     October 3, 2013       /s/ Cecelia G. Morris
                                 CECELIA G. MORRIS
                                 CHIEF UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

PATRISHA S. OSBORNE and GEORGE R.
OSBORNE,

                                        Debtor.
-------------------------------------------------------------X

PATRISHA S. OSBORNE and GEORGE R.
OSBORNE,

                            Appellants,                    13 **CIVIL** 2803 (VB)

        -against-                                          **JUDGMENT**

MARK S. TULIS

                            Appellee.
-------------------------------------------------------------X

        Appellants having appealed from Orders of the United States Bankruptcy Court for the

Southern District of New York, dated December 13, 2012 and March 14, 2013, and the matter

having come before the Honorable Vincent Briccetti, United States District Judge, and the Court

thereafter, on October 9, 2013, having rendered its Memorandum Decision (Doc. #22) affirming the

Orders of the Bankruptcy Court and denying Defendant George R. Osborne's Motion for oral

argument (Doc. #18), it is,

        **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Memorandum Decision, (Doc. #22) dated October 9, 2013, the Order of the Bankruptcy

Court is hereby affirmed, and the Motion for oral argument is DENIED; accordingly, the case is

closed.

**Dated:** White Plains, New York
       October 10, 2013

                                                    _____
                                                              CLERK
                                                      RUBY J. KRAJICK
                                                      **Clerk of Court**