# EXHIBIT I

In re Osborne, 594 Fed.Appx. 34 (2015)

594 Fed.Appx. 34
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals,
Second Circuit.

In Re Patrisha S. **OSBORNE** and George R. **Osborne**.
Patrisha S. **Osborne**, George R. **Osborne**,
Debtors–Appellants,
v.
Mark S. Tulis, as Chapter 7 Trustee for Patrisha S. **Osborne** and George R. **Osborne**,
Trustee–Appellee.

No. 14–2050.  |  Feb. 19, 2015.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED.**

Attorneys and Law Firms

Patrisha S. and George R. **Osborne**, Elizaville, NY, pro se.

Stuart E. Kahan, Oxman Tulis Kirkpatrick, Whyatt & Geiger, LLP, White Plains, NY, for Trustee–Appellee.

PRESENT: B.D. PARKER, PETER W. HALL and RAYMOND J. LOHIER, JR., Circuit Judges.

**SUMMARY ORDER**

Appellants Patrisha and George **Osborne**, proceeding pro se, appeal from the district court's judgment affirming a bankruptcy court order granting the trustee's motion to approve a settlement agreement.

"The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz,* 315 F.3d 80, 87 (2d Cir.2002). Consequently, "[i]n an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." *In re Enron Corp.,* 419 F.3d 115, 124 (2d Cir.2005). Accordingly, we review the district court's ruling on standing de novo. *See In re Zarnel,* 619 F.3d 156, 161 (2d Cir.2010).

"The burden to establish standing remains with the party claiming that standing exists...." *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir.1995). "[I]n determining whether a party has standing to appeal from a particular ruling of a bankruptcy court, we have frequently looked to whether an appellant is a person aggrieved[,] that is, a person directly and adversely affected pecuniarily by the challenged *35 order of the bankruptcy court." *Zarnel,* 619 F.3d at 161 (quotation marks omitted). Consequently, a Chapter 7 debtor generally has standing to object only where there is a "reasonable possibility" that the value of the bankruptcy estate assets exceeds estate debts. *See In re 60 E. 80th St. Equities, Inc.,* 218 F.3d 109, 116 (2d Cir.2000). Thus, in this one-asset case, in order to have standing, the **Osbornes** needed to demonstrate a reasonable possibility that the value of Patrisha Osbone's legal malpractice cause of action against her attorneys in an earlier bankruptcy proceeding ("the malpractice case") exceeded the $128,643.51 in claims against the Chapter 7 estate.

On appeal, the **Osbornes** principally argue that the district court undervalued the malpractice case. We find that argument unpersuasive. As the district court observed, although the malpractice case was predicated on Patrisha **Osborne's** counsel's failure to obtain an extension of the automatic stay of the foreclosure sale of the **Osbornes'** property, New York law requires more than simply attorney error for the recovery of damages in a malpractice action. *See Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 442, 835 N.Y.S.2d 534, 867 N.E.2d 385 (2007) ("To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence."). In the **Osbornes'** case, to recover in the malpractice case

In re Osborne, 594 Fed.Appx. 34 (2015)

they would need to show that the damages arising from the foreclosure sale would have been avoided had their counsel obtained the extension of the stay. The **Osbornes**, however, have failed to demonstrate a reasonable possibility that Patrisha **Osborne** could have implemented a successful reorganization plan even if the stay had been granted. By appellants' own admission, such a plan would have required monthly payments of over $8,000, but even the most charitable reading of the **Osbornes**' self-reported financial statements shows that less than $2,500 per month would have been available for payments to creditors. Based on the record before the bankruptcy court, therefore, the **Osbornes** failed to demonstrate that they could have proffered and executed a reorganization plan that avoided the foreclosure. Having failed in that regard, they have also failed to demonstrate any reasonable possibility that they would be able to recover more than the $50,000 that the trustee agreed to accept in settlement of the malpractice case.

We have reviewed the **Osbornes**' remaining arguments and find them without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

594 Fed.Appx. 34

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.    2