# EXHIBIT J

Offices Of
# GEORGE R. OSBORNE

692 County Rt. 2
P.O. Box 14
Elizaville, New York 12523
Tel: 845-756-3799
Fax: 845-756-3831

## BY FIRST CLASS MAIL

August 25, 2014

U.S. Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, New York 12601



Attn:  Clerk of Court

Re:  Case No. 11-38122-cgm; Chapter 7;  <u>In re</u>
Patrisha S. Osborne & George R. Osborne

Dear Sir:

Enclosed for filing in the above-referenced chapter 7 case are copies of two subpoenas with a notice to produce documents, sent to two non-parties in the above referenced case.

These will generate further litigation, and they should be set forth in the Docket.

Thank you.

GEORGE R. OSBORNE
Debtor, Pro Se

gro/cy

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

**SOUTHERN**     District of     **NEW YORK**

In re **P. and G. OSBORNE**
      Debtor **S**

Case No. **11-38122**

*(Complete if issued in an adversary proceeding)*

Chapter **7**

_____
          Plaintiff
          v.
_____
          Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **CNA, 125 BROADERS STREET, NYNY FL.7+8**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ANNEXED NOTICE TO PRODUCE**

| PLACE **692 COUNTY RT. 2** **ELIZAVILLE, N.Y. 12523** | DATE AND TIME **OCTOBER 3, 2014** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **AUG. 25, 2014**

      CLERK OF COURT

                      OR

_____     **George Osborne**
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*
                           **DEBTOR, PRO SE**

The name, address, email address, and telephone number of the attorney representing *(name of party)* ~~who issues or requests this subpoena, are:~~ **PATRISHA OSBORNE** who issues or requests this subpoena, are: **TEL: 845-756-3799**
**692 COUNTY RT. 2, ELIZVILLE, NY 12523**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x          Case No. 11-38122

                                                                  Chapter 7

In re PATRISHA S. OSBORNE, AND
     GEORGE R. OSBORNE,


                                   Debtors.


-------------------------------------------------------x


## NOTICE TO PRODUCE
## DOCUMENTS AND ELECTRONICALLY STORED
## INFORMATION, PURSUANT TO RULES 34 AND 45
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

To:  CNA
     125 Broad Street
     Floors 7 and 8
     New York, New York

     PLEASE TAKE NOTICE:

     You are hereby requested to produce and permit Patrisha Osborne, or
her representative, to inspect, copy, test, or sample the documents and
electronically stored materials identified below, in your possession, custody, or
control.

     The required documents and materials are to be produced on the 3rd
day of October, 2014 at:

               The Offices of Patrisha Osborne
               692 County Rt. 2
               Elizaville, New York, NY 12523

                              1

As an alternative to production at the aforesaid offices, readable copies of each of the documents and electronically stored materials produced may be sent by any mailing service to the above offices, on or before October 3, 2014.

The documents and stored materials required to be produced are all those created, prepared, generated, or transmitted at any time between September 1, 2012 and the date on which the documents and materials are produced pursuant to this Notice and Subpoena.

In the documents or electronically stored materials which you are required to produce, the "claim" refers to a claim by Patrisha Osborne against the insured, the law firm of Genova & Malin, Esqs., (hereinafter "G&M") for money damages resulting from the professional negligence and malpractice of that law firm. The "claim" is set forth in the complaint in two former court actions, under the title <u>Patrisha Osborne v. Genova & Malin, Esqs.</u> A copy of the complaint is believed to be, or to have been, in the possession of the insurance carrier, CNA.

A separate and distinct claim is the claim made by or on behalf of G&M for coverage under the policy of insurance issued by CNA to G&M. This is referred to herein as the "claim of G&M".

The following documents or electronically stored material, in your possession, custody, and control, are to be produced:

1. All communications, written, electronic, or otherwise, sent to and

2

received by your office from G&M, or by anyone associated with or employed by G&M, pertaining to the claim of Patrisha Osborne, and/or pertaining to the claim of G&M under their malpractice insurance policy.

2.  All communications, written, electronic, or otherwise, sent to and received by your office from U.S. trustee Mark Tulis, or his attorney, pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M under their malpractice insurance policy.

3.  All communications, written, electronic, or otherwise, sent by your office to G&M pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M.

4.  All communications, written, electronic, or otherwise, sent by your office to U.S. trustee Tulis, or his attorney, pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M.

5.  All documents which provide notice, in any manner, from any source, to your office that a claim for damages for attorney malpractice has been made against G&M by Patrisha Osborn, and/or that a claim for malpractice insurance coverage has been made by G&M.

6.  All documents sent by your office to G&M and/or to U.S. trustee Tulis, or his attorney, pertaining to any proposed settlement, and to any final settlement of the claim for damages by Patrisha Osborne.

3

7.  All documents sent to your office by G&M and/or by U.S. trustee Tulis, or his attorney, pertaining to any proposed settlement, and to any final settlement of the claim for damages by Patrisha Osborne.

8.  All policies of attorney malpractice issued by or through your office to G&M, which provided or presently provide such insurance, at any time during the period from September 1, 2012 to the date of production of the documents and materials required to be produced hereunder, including policy No. 4025-410-748.

This Notice and the annexed Subpoena do not require your attendance at a hearing or a deposition.

The subpoenaed information regarding the claim by Patrisha Osborne against the insured, G&M, or the claim by G&M, does not call for the production of any documents or materials that are the subject of any privilege and they are not protected trial related materials.

Dated: August 25, 2014

PATRISHA OSBORNE
Office and P.O. Address
692 County Rt. 2
Elizaville, New York 12523
Tel:  845-756-3799
Fax:  845-756-3831

4

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ SOUTHERN _____  District of _ NEW YORK _

In re P. and G. OSBORNE

_____
Debtor **S**

*(Complete if issued in an adversary proceeding)*

Case No. _ 11-38122 _

Chapter _ 7 _

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _ USI AFFINITY, 120 BROADWAY, NYNY – Suite 1140 _
*(Name of person to whom the subpoena is directed)*

☒ **Production:** YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _ SEE ANNEXED NOTICE TO PRODUCE _

| PLACE _692 COUNTY RT. 2_ <br> _ELIZAVILLE, N.Y. 12523_ | DATE AND TIME <br> _OCTOBER 3, 2014_ |
|---|---|

☐ **Inspection of Premises:** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ AUG. 25, 2014 _

CLERK OF COURT

_____            OR     _____
Signature of Clerk or Deputy Clerk                    Attorney's signature
                                          _DEBTOR, PRO SE_

The name, address, email address, and telephone number of the attorney representing *(name of party)* _PATRISH A OSBORNE_, who issues or requests this subpoena, are: _TEL: 845-756-8799_
_692 COUNTY RT. 2, ELIZAVILLE N.Y. 12523_

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x        Case No. 11-38122

                                                                    Chapter 7

In re PATRISHA S. OSBORNE, AND
    GEORGE R. OSBORNE,


                                        Debtors.


-----------------------------------------------------------x


NOTICE TO PRODUCE
DOCUMENTS AND ELECTRONICALLY STORED
INFORMATION, PURSUANT TO RULES 34 AND 45
OF THE FEDERAL RULES OF CIVIL PROCEDURE

To: USI AFFINITY
    120 Broadway
    11th floor, Suite 1140
    New York, New York 10271

    **PLEASE TAKE NOTICE:**

    You are hereby requested to produce and permit Patrisha Osborne, or
her representative, to inspect, copy, test, or sample the documents and
electronically stored materials identified below, in your possession, custody, or
control.

    The required documents and materials are to be produced on the 3rd
day of October, 2014 at:

            The Offices of Patrisha Osborne
            692 County Rt. 2
            Elizaville, New York, NY 12523
                              1

As an alternative to production at the aforesaid offices, readable copies of each of the documents and electronically stored materials produced may be sent by any mailing service to the above offices, on or before October 3, 2014.

The documents and stored materials required to be produced are all those created, prepared, generated, or transmitted at any time between September 1, 2012 and the date on which the documents and materials are produced pursuant to this Notice and Subpoena.

In the documents or electronically stored materials which you are required to produce, the "claim" refers to a claim by Patrisha Osborne against the insured, the law firm of Genova & Malin, Esqs., (hereinafter "G&M") for money damages resulting from the professional negligence and malpractice of that law firm. The "claim" is set forth in the complaint in two former court actions, under the title <u>Patrisha Osborne v. Genova & Malin, Esqs.</u> A copy of the complaint is believed to be, or to have been, in the possession of the insurance carrier, CNA.

A separate and distinct claim is the claim made by or on behalf of G&M for coverage under the policy of insurance issued by CNA to G&M. This is referred to herein as the "claim of G&M".

The following documents or electronically stored material, in your possession, custody, and control, are to be produced:

1. All communications, written, electronic, or otherwise, sent to and

2

received by your office from G&M, or by anyone associated with or employed by G&M, pertaining to the claim of Patrisha Osborne, and/or pertaining to the claim of G&M under their malpractice insurance policy.

2.  All communications, written, electronic, or otherwise, sent to and received by your office from U.S. trustee Mark Tulis, or his attorney, pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M under their malpractice insurance policy.

3.  All communications, written, electronic, or otherwise, sent by your office to G&M pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M.

4.  All communications, written, electronic, or otherwise, sent by your office to U.S. trustee Tulis, or his attorney, pertaining to the claim of Patrisha Osborne and/or pertaining to the claim of G&M.

5.  All documents which provide notice, in any manner, from any source, to your office that a claim for damages for attorney malpractice has been made against G&M by Patrisha Osborn, and/or that a claim for malpractice insurance coverage has been made by G&M.

6.  All documents sent by your office to G&M and/or to U.S. trustee Tulis, or his attorney, pertaining to any proposed settlement, and to any final settlement of the claim for damages by Patrisha Osborne.

3

7. All documents sent to your office by G&M and/or by U.S. trustee Tulis, or his attorney, pertaining to any proposed settlement, and to any final settlement of the claim for damages by Patrisha Osborne.

8. All policies of attorney malpractice issued by or through your office to G&M, which provided or presently provide such insurance, at any time during the period from September 1, 2012 to the date of production of the documents and materials required to be produced hereunder, including policy No. 4025-410-748.

This Notice and the annexed Subpoena do not require your attendance at a hearing or a deposition.

The subpoenaed information regarding the claim by Patrisha Osborne against the insured, G&M, or the claim by G&M, does not call for the production of any documents or materials that are the subject of any privilege and they are not protected trial related materials.

Dated: August 25, 2014

PATRISHA OSBORNE
Office and P.O. Address
692 County Rt. 2
Elizaville, New York 12523
Tel:  845-756-3799
Fax: 845-756-3831

4



Offices Of
**GEORGE R. OSBORNE**

692 Columbia County Rt. 2
Elizaville, New York 12523
Tel:  845-756-3799
Fax: 845-756-3831
gro4321@gmail.com

**BY FIRST CLASS MAIL**

October 19, 2015

**U.S. Bankruptcy Court**
**Southern District of New York**
**355 Main Street**
**Poughkeepsie, New York 12601**

Attn:  Clerk of the Court

                    Re:  In re Patrisha S. Osborne and George R. Osborne
                          Case No. 11-38122-cgm; Chapter 7
                          <u>Subpoena And Notice To Produce Documents</u>

Dear Sir:

        Enclosed for filing in the above-referenced chapter 7 case is a copy of a
subpoena and notice to produce documents served upon CNA, the malpractice
insurance carrier in this case.

        A copy of this subpoena and notice to produce has been served upon the
U.S. chapter 7 trustee, Mark Tulis, and his attorney, Stuart E. Kahan, Esq.

        It is requested that these documents be filed and set forth on the Docket
for this case.

Thank you.

                                        GEORGE R. OSBORNE
                                        Debtor, Pro Se, and
                                        Assignee-Creditor

cc:  Stuart E. Kahan, Esq.
      Attorney for U.S. Trustee
      (Via first class mail)

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN _____ District of _____ NEW YORK _____

In re PATRISHA S. OSBORNE and
GEORGE R. OSBORNE
_____Debtor

*(Complete if issued in an adversary proceeding)*

_____
_____
Plaintiff
v.
_____
Defendant

Case No. 11-38122

Chapter ___ 7 ___

Adv. Proc. No. _____ N/A _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: CNA     125 BROAD STREET, NEW YORK, NEW YORK
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    SEE ATTACHED NOTICE TO PRODUCE

| PLACE 692 County Route 2<br>Elizaville, New York, 12523 | DATE AND TIME<br>November 21, 2015 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE<br>N/A | DATE AND TIME |
|---|---|

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _October 12, 2015_

                CLERK OF COURT

                _[signature]_                              OR        _____
        _Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____
_____N/A_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK      Case No. 11-38122
------------------------------------------------------x

In re:

       PATRISHA S. OSBORNE, and                              Chapter 7
       GEORGE R. OSBORNE,

                   Debtors,

------------------------------------------------------x


## NOTICE TO PRODUCE
### DOCUMENTS AND ELECTRONICALLY STORED
### INFORMATION, PURSUANT TO RULES 34 AND 45 OF
### THE FEDERAL RULES OF CIVIL PROCEDURE AND
### RULE 7034-1 OF THE RULES OF THE BANKRUPTCY
### COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

To: CNA                                 CNA
     125 Broad Street                    120 White Plains Road
     Seventh Floor                       Suite 210
     New York, New York                  Tarrytown, New York 10591

PLEASE TAKE NOTICE:

    You are hereby requested to produce and permit the Debtor, Patrisha Osborne, or the Assignee-Creditor, George Osborne, in the above-captioned proceeding pending in the U.S. Bankruptcy Court, for the Southern District of New York, or their representatives, to inspect, copy, test, or sample the documents and electronically stored materials identified below, in your possession, custody, or control.

    The required documents are to be produced at:

The Office of Patrisha Osborne
And The Office of George Osborne
692 Columbia County Route 2
Elizaville, New York 12523

The required documents are to be produced on or before the 21st day of November, 2015; Any objection to the inspection, copying and testing of the required documents must be served no later than 14 days after the date the attached subpoena is served upon you.

As an alternative to production at the above offices, readable copies of the documents and electronically stored materials that are produced may be sent by any mailing service to the above office, so as to be received on or before November 21, 2015.

The documents and stored materials required to be produced are all those created, prepared, generated, transmitted or received by CNA, and pertaining to the claims identified herein, at any time between August 20, 2012 and the date on which the documents and materials are produced pursuant to this Notice and Subpoena.

The documents and electronically stored materials you are required to produce refer to two claims. The first is the claim of Patrisha Osborne against your insured, the law firm of Genova & Malin, Esqs., of Poughkeepsie, New York (hereinafter the "claim against G&M") for money damages resulting from the professional negligence and malpractice of that law firm. That claim is set forth in a complaint filed in two court actions in 2012, under the title Patrisha Osborne v. Genova & Malin, Esqs., each of which was terminated by the actions of U.S.

Trustees. (N.Y. State Supreme Court, Columbia County, Index No. 5055/12; and U.S. Bankruptcy Court, for the Northern District of New York, Docket No. 12-bk-1287). A copy of one or both of those complaints is believed to be, or to have been, in the possession of CNA.

A second and distinct claim is the claim made by or on behalf of G&M against CNA, under the policy of professional liability insurance issued by CNA to G&M, and that claim is referred to herein as the "claim against CNA".

The following documents or electronically stored materials, in your possession, custody, or control, are to be produced:

1. All communications, written, electronic, or otherwise received by your office from G&M, or from anyone associated with or employed by G&M, pertaining to Patrisha Osborne's claim against G&M and or pertaining to the claim against CNA by G&M.

2. All communications, written, electronic or otherwise received by your office from the office of U.S. chapter 7 Trustee Mark Tulis, or his attorney, pertaining to the claim against G&M and/or pertaining to the claim against CNA under the attorneys' professional liability policy.

3. All communications, written, electronic or otherwise sent by your office to G&M, pertaining to the claim against G&M and/or pertaining to the claim against CAN.

4. All communications, written, electronic, or otherwise, sent by your office to U.S. chapter 7 Trustee Mark Tulis, or his attorney, pertaining to the claim against G&M and/or pertaining to the claim against CAN.

5. All documents which provide notice, in any manner, from any source, to your office that a claim for damages for attorney malpractice has been made against G&M by Patrisha Osborne, and/or that a claim for malpractice insurance coverage has been made by G&M against CNA.

6. All documents sent by your office to G&M and/or to U.S. chapter 7 Trustee Mark Tulis, or his attorney, pertaining to any proposed settlement, and to any final agreement in settlement of the claim against CNA, and/or of the claim against G&M.

7. All documents received by your office from G&M and/or from U.S. chapter 7 Trustee Mark Tulis, or his attorney, pertaining to any proposed settlement, and to any final agreement in settlement of the claim against CNA, and/or of the claim against G&M.

8. Copies of all professional liability policies issued by or through your office to G&M, which provided or presently provide such insurance, at any time during the period from August 20, 2012 to the date of production of the documents and materials required to be produced hereunder, including policy No. 4025-410-478.

This Notice and the annexed Subpoena does not require your attendance at a hearing or a deposition.

The subpoenaed documentation regarding the claim against G&M, or the claim against CNA, does not call for the production of any documents or materials that are the subject of any privilege and they are not protected as trial related materials.

Dated:  Elizaville, New York
          October 13, 2015

PATRISHA OSBORNE

GEORGE OSBORNE
Office & P. O. Address
692 Columbia County Rt. 2
Elizaville, New York 12523
Tel:  845-756-3799
Fax: 845-756-3831

cc:   U.S. Bankruptcy Court
      Southern District of New York
      355  Main Street
      Poughkeepsie, N.Y. 12601

      Mark S. Tulis, Esq.
      Oxman Tulis Kirkpatrick
          Whyatt & Geiger, LLP
      120 Bloomingdale Road
      White Plains, N.Y. 10605
      U.S. Chapter 7 Trustee

      Colliau, Carluccio, Keener, Morrow,
          Peterson & Parsons
      333 South Wabash Avenue
      25th Floor
      Chicago, IL 60604
      Attn: John F. Maher, Esq.
      Attorneys for CNA