# EXHIBIT K

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

120 BLOOMINGDALE ROAD
SUITE 100
WHITE PLAINS, NEW YORK 10605
(914) 422-3900
(914) 422-3636 (fax)
www.oxmanlaw.com

THOMAS M. GEIGER
STUART E. KAHAN*
JOHN B. KIRKPATRICK
MARC S. OXMAN
DOUGLAS L. RAY
MARCIA L. RIEBLING
LOIS N. ROSEN
MARK S. TULIS
THOMAS WHYATT

*ALSO ADMITTED - NEW JERSEY

OF COUNSEL
KENNETH G. RAY, P.C.
BRIAN J. STONE

LEGAL ASSISTANTS
JO-ANN R. SCHLESINGER
PAMELA G. PUCCI

December 28, 2015

**SENT VIA OVERNIGHT MAIL AND REGULAR MAIL**
George R. Osborne
Patrisha S. Osborne
692 County Route 2
Elizaville, New York 12523

Re:   *In Re: Patrisha S. Osborne and George R. Osborne*
       Case No: 11-38122-CGM

Dear Mr. and Mrs. Osborne:

This office represents Mark S. Tulis, Chapter 7 Trustee in the above–captioned bankruptcy proceeding.

We are in receipt of the debtors' Notice of Motion dated December 18, 2015 seeking various relief including vacating the Bankruptcy Court's order dated October 9, 2013; directing the Chapter 7 Trustee to prepare and file his final report; dismissing the bankruptcy case pursuant to Federal Rules of Bankruptcy Procedure 1017, issuing an order of discharge and entry of a final decree and for such other and further relief as deemed just and proper.

Enclosed with this letter is the Trustee's proposed motion seeking sanctions against the debtors, enjoining the debtors from serving and/or filing any further papers in connection with this bankruptcy proceeding without prior approval of the court and striking scandalous and/or defamatory material from the debtors' motion.

Pursuant to Federal Rules of Bankruptcy Procedure 9011 (c)(1)(A):

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is in the filing of a petition in

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

George R. Osborne
Patrisha S. Osborne
December 28, 2015
Page | 2

    violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

    You are hereby notified that you have 21 days to withdraw the December 18, 2015 Notice of Motion. If you failed to timely withdraw the Notice of Motion the Trustee will file this motion with the court seeking sanctions and other relief.

    As detailed in the supporting declaration and accompanying Memorandum of Law, it is the Trustee's position that the debtors' motion lacks any proper purpose and was undertaken to harass the Trustee and the Court, delay the proceedings and needlessly increase the cost of litigation. The debtors' argument that the order approving the settlement should be vacated as the statute of limitations for a potential legal malpractice claim against Genova & Malin has expired is utterly frivolous. As you are well aware the Bankruptcy Court approved the settlement for $50,000 in October, 2013. That order was subsequently affirmed by Judge Seibel at the District Court and by a unanimous panel of the United States Court of Appeals for the Second Circuit. After the debtors withdrew their petition for a writ of certiorari, the insurance carrier for Genova & Malin tendered to the Trustee a settlement check in the amount of $50,000. This was wholly consistent with the Court's October, 2013 order. The insurance carrier forwarded its payment only after all avenues of appeal from the October 9, 2013 order were exhausted. Moreover, the arguments raised in the debtors' motion are unsupported by any existing legal argument and there is no non-frivolous argument which supports the debtors' motion. These papers were submitted to harass and delay the proceedings unnecessarily. *See: In re: Parikh*, 508 BR 572, 585 (Bankr. E.D.N.Y. 2014)

    Debtors' effort to vacate this court's October 9, 2013 order lacks any substantive basis. No extraordinary circumstances have been presented and moreover, granting of the motion would prejudice the creditors who would then receive absolutely nothing from the estate. *See, In re: Trine,* 2015 WL 236617 (Bankr. W.D.N.Y. 2015)

    The debtors' motion also seeks an order compelling the Trustee to file his final report. As you are well aware, the final day for proofs of claim to be filed is January 22, 2016. It is the Trustee's intention that on or about February 1, 2016 he will review the proofs of claim and will then object to those claims as necessary. The trustee anticipates that on or about May 1, 2015 a final report will be forwarded to the United States Trustee for review.

    The application to dismiss the bankruptcy proceeding also lacks any substantive basis. It is the Trustee's view that this application was not only undertaken to harass and delay but also was undertaken in bad faith knowing that there is no basis in the law for the relief requested. Finally, the request that the debtors be issued a order of discharge and final decree is inappropriate. The debtors have already been issued an order of discharge in March, 2012 at the time that former Trustee Banner

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

George R. Osborne
Patrisha S. Osborne
December 28, 2015
Page | 3

initially to close this case. Indeed, as the debtors are well aware, a motion was made to vacate that discharge and that motion was denied by the Bankruptcy Court.

In addition to requesting that sanctions be imposed pursuant to Rule 9011, the Trustee intends to ask this court to impose sanctions against the debtors pursuant to the Court's inherent authority. It is submitted that the debtors' motion lacks any colorable authority and was filed in bad faith.

The Trustee will also ask this court to enjoin the debtors from filing any further papers in connection with this bankruptcy proceeding without obtaining prior approval from the Bankruptcy Court. In *Safer v. United States Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986), the Court of Appeals considered the following factors in determining whether to restrict a litigant's right to file pleadings in federal court:

1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
2) the litigant's motive in pursuing the litigation;
3) whether the litigant is represented by counsel;
4) whether the litigant has caused a needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
5) whether other sanctions would be adequate to protect the courts and other parties.

Finally, the Trustee intends to ask the Court to strike scandalous and/or defamatory material from the debtors' motion and supporting affidavit. None of the assertions against the Trustee, the Court, debtors former counsel or other individuals are necessary to this litigation and clearly impugn not only the integrity of the process but also the particular individuals. Such material as deemed scandalous should be deleted from debtors' pleadings.

We strongly recommend that the debtors withdraw their December 18, 2015 motion. Again if the motion is not withdrawn within 21 days, the Trustee's motion for sanctions and other relief will be filed.

Thank you for your attention to this matter.

Very truly yours,
OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER, LLP

STUART E. KAHAN

SEK:lh
Enclosure

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP

George R. Osborne
Patrisha S. Osborne
December 28, 2015
Page | 4

cc:   Eric J. Small on behalf of U.S. Trustee United States Trustee
      Office of U.S. Trustee
      74 Chapel Street
      Suite 200
      Albany, NY 12207