Oxman Tulis Kirkpatrick
Whyatt & Geiger, LLP
*Attorneys for Mark S. Tulis, Chapter 7 Trustee*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
By: Stuart E. Kahan, Esq., Of counsel       Hearing Date: February 9, 2016 at 9:30 am
                                                              Responses due: February 2, 2016 at 5:00 pm

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**(POUGHKEEPSIE DIVISION)**
-----------------------------------------------------------------------X
In re:  Patrisha S. Osborne and George R.                 Chapter 7
      Osborne,                                                   Case No. 11-38122 (CGM)

                                          Debtors.

-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION

OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER, LLP
*Attorneys for Mark S. Tulis, Chapter 7 Trustee*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the motion by Mark S. Tulis, Chapter 7 Trustee for debtors Patrisha S. Osborne and George R. Osborne for an order pursuant to Federal Rules of Bankruptcy Procedure 9011 (c) and the inherent authority of this Court for the imposition of sanctions against the debtors for their filing of the December 18, 2015 motion seeking various relief including vacating this Court's order dated October 9, 2013 approving the settlement of a potential legal malpractice claim for $50,000 and dismissal of the bankruptcy case. This memorandum is also submitted in support of the Trustee's motion for an order pursuant to 11 U.S.C. § 107 (b) and Federal Rules of Bankruptcy Procedure 9018 striking those portions of the debtors' motion considered to be scandalous and/or defamatory and for an order enjoining the debtors from filing and/or serving any other papers in connection with this bankruptcy proceeding without first obtaining the prior approval from the Bankruptcy Court.

The court is respectfully referred to the declaration of Stuart E. Kahan, Esq. submitted in support of the Trustee's motion.

## POINT I

### Imposition of Sanctions Against the Debtors is Warranted Pursuant to Federal Rule of Bankruptcy Procedure 9011

Federal Rules of Bankruptcy Procedure 9011 (b) provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Pursuant to Rule 9011(c)(1)(A) the debtors were provided with a copy of the Trustee's proposed motion and a letter explaining that the debtors had 21 days to withdraw their motion and that if the motion was not withdrawn the Trustee would proceed to file the motion for sanctions. *See,* Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F. 3d 170 (2nd Cir. 2012) ("an informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21–day safe harbor period." (*Citing* Perpetual Security, Inc. v. Tang, 290 F.3d 132, 142 (2nd Cir 2002)) As the debtors have not withdrawn their motion, the motion has now been filed for consideration by this court.

As noted by Judge Grossman in In re: Parikh, 508 BR 572, 584 – 585 (Bankr. E.D.N.Y. 2014):

> Assuming the movant has complied with the safe harbor provisions of 9011 (c), awarding sanctions pursuant to the "improper purpose" prong of Rule 9011 (b) (1) requires a finding of subjective bad faith. This differs from sanctions under Rule 9011 (b) (2), where an attorney fails to make a reasonable inquiry into whether claims asserted are "warranted in law," which uses an objective bad-faith standard that requires frivolousness. Although the court may infer subjective bad faith from a frivolous filing, or one that is entirely without merit, frivolity is not a necessary finding under the "improper purpose" prong of Rule 9011 (b). Sanctions may be– but need not be–imposed when court filings are used for "an improper purpose", "or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." Subjective bad faith can occur when a paper is submitted to harass a litigant or unnecessarily delay the proceedings. However, the delay or frustration to creditors must be unnecessary; delay and frustration alone are insufficient for sanctions under 9011 (b) (1).... Thus, sanctions pursuant

2

to Rule 9011 (b) (1)'s "improper purpose" clause are inappropriate where delay or frustration to creditors occurs because the debtor needs breathing room to legitimately pursue discharge or reorganization. (*Citations omitted*)

In *In re: Belmonte*, 524 BR 17, 30 (Bankr. E.D.N.Y. 2015), Judge Trust wrote:

> In the Second Circuit, the substantive standard for opposing Bankruptcy Rule 9011 sanctions when initiated by a party's motion is one of objective unreasonableness. Even if a violation of Bankruptcy Rule 9011 (b) is found, this court still has discretion to impose or not impose sanctions.

The debtors' requested relief includes vacating this Court's October 9, 2013 order approving the settlement of the potential legal malpractice action for $50,000. Debtors rely upon Federal Rules of Civil Procedure 60 (b) (6) and Federal Rules of Bankruptcy Procedure 9024 to support this request. In *In re: Trine,* 2015 WL 236617 (Bankr. W.D.N.Y. 2015), Judge Warren wrote:

> The seemingly benign language of Rule 60 (b) (6) "any other reason that justifies relief" does not provide the easy procedural do–over frequently envisioned by litigants appearing before this Court. Under the "catch-all" provision of rule 60 (b) (6), Trine "must demonstrate the existence of extraordinary circumstances that justify relief and that no grounds under Rule 60 (b) (1) - (5) exist. The rule is "properly invoked where there are extraordinary circumstances where the judgment may work and extreme and undue hardship." (*citation omitted*)

Such a situation does not exist here. The order approving the settlement was affirmed by the District Court whose order was then affirmed by the Court of Appeals. Debtors filed a petition for writ of certiorari which debtors voluntarily withdrew. That concluded all proceedings as related to the settlement order. No extraordinary circumstances exist and debtors know this. Their argument that the potential legal malpractice claim no longer exists is an argument without any substance whatsoever. This court considered all the aspects of the proposed settlement in its memorandum decision approving the Trustee's motion. Moreover, it is evident from the debtors' actions that this motion was only undertaken to delay the proceedings. For what purpose is unknown since if the debtors application is granted then the only asset that the Trustee was able

to obtain, the $50,000 settlement, would have to be returned and there would be no distribution to the debtors' creditors. The application by the debtors has no substantive basis whatsoever and sanctions are warranted under both Rule 9011 (b) (1) and (2).

## POINT II

### SANCTIONS ARE WARRANTED PURSUANT TO AND THIS COURT'S INHERENT AUTHORITY

In *In re: Campora*, 2014 WL 4980027 (Bankr. E.D.N.Y.. 2014), Judge Trust wrote:

> Under its inherent powers to supervise and control its own proceedings, a bankruptcy court "may impose sanctions where: 1) the challenged claim was without a colorable basis and 2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay.... A claim may be characterized as "without a colorable basis" when it is devoid of legal or factual support. Courts may infer that a claim was brought in bad faith if it is "so completely without merit as to require the conclusion that it must have been undertaken for some improper purpose such as delay." (*citations omitted*).

Considering this court's inherent authority to impose sanctions, it is the Trustee's position that the debtors' application warrants the imposition of such sanctions. No colorable basis whatsoever exists for the debtors' application. There is no legal basis to support the debtors' contention. While debtors have cited a number of cases, none of those cases are applicable to the facts presented herein. This matter was settled, debtors appealed, the settlement was affirmed and payment has been made to the Trustee. Debtors' effort to obtain vacate of this court's order and dismiss the bankruptcy proceeding is wholly without merit and undertaken in bad faith.

## POINT III

### ENJOINING THE DEFENDANT'S FROM FILING ANY FURTHER PAPERS IN THIS BANKRUPTCY WITHOUT COURT APPROVAL IS WARRANTED.

In *In re: Belmonte*, 527 PR 17 (Bankr. E.D.N.Y. 2015), the Court considered the Trustee's application to enjoin the debtor and debtor's counsel "from seeking affirmative relief in

4

this case without obtaining prior authorization from the court." The Bankruptcy Court discussed the factors cited by the Court of Appeals in <u>Safir v. United States Lines, Inc.,</u> 792 F.2d 19, 24 (2nd Cir 1986):

> 1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; 2) the litigant's motive in pursuing the litigation, e.g., Does the litigant have an objective good-faith expectation of prevailing; 3) whether the litigant is represented by counsel; 4) whether the litigant has caused a needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and 5) whether other sanctions would be adequate to protect the courts and other parties.

As noted by the Court of Appeals, "ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." 792 F. 2d at 24.

Although this bankruptcy proceeding is nearing its end, the Trustee asks this court to enjoin the debtors from filing any motions or other papers in connection with this bankruptcy proceeding without prior Court approval. Utilizing the five factors set forth in <u>Safir</u>, such relief is warranted. The Trustee does not challenge the proposition that the debtors had a right to appeal this Court's orders reopening the bankruptcy proceeding and approving the settlement with Genova & Malin. Those orders were affirmed by both the District Court and the Court of Appeals. Now, after the appeals have been decided the debtors serve a motion to vacate this court's order from October, 2013. The ostensible reason given by the debtors is that the underlying legal malpractice claim no longer exists. As has been demonstrated, the motion is based on wholly erroneous reasoning. The debtors, who were acutely aware of the statute of limitations as noted in the prior motion papers, certainly knew that when the action was settled a potential claim for legal malpractice existed. It is that potential claim which was settled. Those funds will be used, in part, to satisfy claims of the creditors. This is the only asset of the debtor's

5

estate. Nothing is served by vacating this court's order which would only result in the creditors receiving absolutely nothing. As it is, whatever the creditors might have received before this motion will certainly be reduced by the fact that there are additional litigation costs and expenses incurred by the estate in order to oppose this frivolous application.

Further, debtors are well aware that they were granted a discharge of their debts in March, 2012. The debtors previously moved to vacate the order of discharge, which request was denied by this Court. Thus the debtors are seeking relief which was already granted in which they know was already granted.

The debtors also ask this court for an order compelling the Trustee to file his final report. The debtors are well aware that the last day to file proofs of claim is January 22, 2016. After that date the Trustee will evaluate the claims and object to those claims as deemed necessary. It is the Trustee's intention to file a final report on or about May 1, 2015. Debtors' motion only seeks to delay this process. It is certainly a distinct likelihood that debtors will appeal this court's order from the December 18 motion warranting the expenditure of additional funds by the estate. Simply put, the debtors filings must stop unless first approved by this court.

### POINT IV

### STRIKING OF SCANDALOUS AND/OR DEFAMATORY MATERIAL FROM THE DEBTORS MOTION IS WARRANTED

Federal Rules of Bankruptcy Procedure 9018 provides:

On a motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

6

In *In re: Anthracite Capital, Inc.*, 492 BR 162 (Bankr. S.D.N.Y. 2013), this court considered an application to seal certain materials. In denying the application, this court found:

> Parties seeking to have complaints redacted under Section 107 (b) (2) must establish that the material contained in the Complaints is either: (i) scandalous because it was grossly offensive, irrelevant to the proceeding, and submitted for an improper use; or (ii) defamatory because the statements can clearly be shown to be untrue without the need for discovery or a mini trial.
>
> What is considered "scandalous" is not defined by the Code. Courts have taken various approaches to define this term. Some courts look to Black's Law Dictionary and define scandalous as a matter that is both grossly disgraceful (or defamatory) and irrelevant to the action or defense.
>
> Other courts have applied the interpretation of scandalous under Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 12 (f) is applicable in bankruptcy adversary proceedings through Bankruptcy Rule 7012 (b) and states that "the court may strike from a pleading… any… scandalous matter." (*Citations omitted*)

In *In re: Starbrite Properties Corp.*, 2012 WL 2050745 (Bankr. E.D.N.Y. 2012), Chief United States Bankruptcy Judge Craig wrote, "courts will not strike scandalous statements that offend the sensibilities of the objecting party if the challenged allegations describe acts or events relevant to the action." (*Citing Charles A. Wright and Arthur R Miller, Federal Practice and Procedure § 1382*) Further, the exception under Section 107 (b) (2) cannot be invoked merely because a court filing would have been would have a detrimental impact on an interested party's reputation. *See: In re: Food Management Group, LLC*, 359 BR 543, 554 (Bankr. S.D.N.Y. 2007)

Debtors' motion contains material which should be redacted as scandalous. The motion contains allegations which are irrelevant to these proceedings. Those allegations concern this Court, the District Court, the Bankruptcy Court of the Northern District of New York, the Chapter 7 Trustee and the law firm of Genova & Malin. Such allegation should be stricken and removed from the motion.

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that the Trustee's motion be granted in its entirety and that the debtors motion be denied in its entirety and for such other and further relief as this court deems just and proper.

Dated: White Plains, New York
       January 21, 2016

                        OXMAN TULIS KIRKPATRICK
                        WHYATT & GEIGER, LLP
                        *Attorneys for Mark S. Tulis,*
                        *Chapter 7 Trustee*

                        By: _____
                            STUART E. KAHAN, ESQ
                        120 Bloomingdale Road
                        White Plains, New York 10605
                        (914) 422-3900
                        (914) 422-3636 (Fax)
                        skahan@oxmanlaw.com